UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| HERMÈS INTERNATIONAL and HERMÈS OF PARIS, INC., <br><br> Plaintiffs, <br><br> -against- <br><br> MASON ROTHSCHILD, <br><br> Defendant. | 22-Civ.-00384 (AJN) (GWG) <br><br> [PROPOSED] CIVIL CASE MANAGEMENT PLAN AND SCHEDULING ORDER |

This Civil Case Management Plan (the "Plan") is submitted by the parties in accordance with Fed. R. Civ. P. 26(f)(3).

1. Statement of the Issues:

    a. From Plaintiffs: Plaintiffs allege trademark infringement, dilution by blurring, and other causes of action based on Defendant's unauthorized use of METABIRKINS. Plaintiffs seek monetary and injunctive relief.

    b. From Defendant: Defendant filed a motion to dismiss under Fed. R. Civ. P. 12(b)(6), which is not yet fully briefed, arguing that Plaintiffs' claims are barred as a matter of law by *Rogers v. Grimaldi*, 875 F.2d 994 (2d Cir. 1989), and/or *Dastar Corp. v. Twentieth Century Fox Film Corp.*, 539 U.S. 23 (2003).

    c. Defendant intends to notify the Court it will rely on its letter-motion requesting a pre-motion conference to discuss Defendant's proposed motion to stay discovery in lieu of filing a notice of motion and supporting memorandum of law, which Plaintiffs will oppose, pending resolution of Defendant's motion to dismiss. In case the Court does not grant a stay of discovery, the parties conferred and agreed upon the schedule proposed herein in compliance with the Court's Order dated March 24, 2022. In the meantime, the parties are also negotiating a protective order and an order governing electronically stored information.

2. All parties do not consent to conducting all further proceedings before a United States Magistrate Judge, including motions and trial pursuant to 28 U.S.C. § 636(c). The parties are free to withhold consent without adverse substantive consequences.

3. A settlement discussion has taken place since the filing of this action.

4. The parties have conferred pursuant to Fed. R. Civ. P. 26(f).

5. Amended pleadings may not be filed and additional parties may not be joined except with leave of the Court. Any motion to amend or to join additional parties shall be filed within <u>thirty (30) days</u> from the date of this Order.

6. Initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) shall be completed no later than <u>April 22, 2022</u>.

7. All fact discovery is to be completed no later than <u>August 9, 2022</u>.

8. The parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York. The following interim deadlines may be extended by the parties on consent without application to the Court, provided that the parties meet the deadline for completing fact discovery set forth in ¶ 6 above.

    a. Initial requests for production of documents shall be served by <u>May 9, 2022</u>. Further document requests may be served as required, but no document request may be served later than 30 days prior to the date of the close of discovery as set forth in ¶ 6.

    b. Interrogatories shall be served by <u>July 8, 2022</u>.

    c. Depositions shall be completed by <u>August 9, 2022</u>.

        i. Plaintiffs, at this time, anticipate deposing the following: Sonny Estival (a/k/a Mason Rothschild); Amber Park; Ericka del Rosario; and Eric Ramirez.

        ii. Defendant, at this time, anticipates deposing the following (if the case is not dismissed as a matter of law): Rule 30(b)(6) witnesses with knowledge of Plaintiffs' takedown requests, Plaintiffs' NFT plans, and any reports of confusion related to MetaBirkins.

    d. Requests to admit shall be served by <u>July 8, 2022</u>.

9. All expert discovery, including disclosure of expert reports, production of underlying documents, and depositions shall be completed by <u>September 23, 2022</u>.

    a. Plaintiffs anticipate retaining expert witnesses in the following fields: likelihood of confusion between the BIRKIN and METABIRKINS marks; fame of the BIRKIN trademarks; NFTs and their valuation; and damages.

    b. If the case is not dismissed as a matter of law, Defendant anticipates retaining expert witnesses in the following fields: likelihood of confusion, fame of the marks at issue, and NFTs in the art market and elsewhere.

      10.      Statement on Limitations on Discovery: The parties are negotiating an order governing the protection of confidential information and documents.

      11.      Description of Outstanding Discovery Issues: The parties are negotiating an order governing the production and use of electronically stored information. Defendant filed a motion to stay discovery, which Plaintiffs will oppose, pending resolution of Defendant's motion to dismiss.

      12.      All discovery (including requests for admission and any applications to the Court with respect to the conduct of discovery) must be initiated in time to be concluded by the deadline for all discovery. Any application for an extension of the time limitations herein must be made as soon as the cause for the extension becomes known to the party making the application and in accordance with this Court's Individual Practices. Any application not in compliance with this paragraph will be denied. To the extent a party expects to produce electronically stored information, the parties shall promptly discuss the protocols for the search and review of such material.

      13.      All motions and applications shall be governed by the Court's Individual Rules.

      14.      Counsel for the parties propose, as an alternative dispute resolution mechanism for this case, referral to a Magistrate Judge for a settlement conference at a later date. Unless otherwise ordered by the Court, settlement discussions do not stay or modify any date in this Order. Counsel for the parties propose seeking such a referral after the close of fact discovery on <u>August 9, 2022</u>.

      15.      Summary Judgment and *Daubert* motions are to be filed within 30 days of the close of all discovery. Absent good cause, the Court will not ordinarily have summary judgment practice in a non-jury case.

      16.      Unless otherwise ordered by the Court, within forty (40) days of the close of all discovery, or, if a dispositive motion has been filed, within fourteen (14) days of a decision on such motion, the parties file via ECF a Joint Pretrial Report prepared in accordance with the Court's Individual Practices and Fed. R. Civ. P. 26(a)(3). Any motions *in limine* shall be filed via ECF at the same time that the a Joint Pretrial Report is filed. If this action is to be tried before a jury, proposed *voir dire*, jury instructions, and a verdict form shall also be filed at the same time as the Joint Pretrial Report. The parties shall follow the rules of the assigned District Judge with respect to any pre-motion conference, filing or other requirements for dispositive motions

      17.      The parties shall be ready for trial within two weeks of filing the Joint Pretrial Report.

      18.      The parties anticipate a trial will last five days, and Plaintiffs have requested this case be tried to a jury.

Counsel's Appearances for the Parties:

| | |
|---|---|
| **Baker & Hostetler LLP**<br>Gerald J. Ferguson, Esq.<br>Oren Warshavsky, Esq.<br>Kevin M. Wallace, Esq.<br>45 Rockefeller Plaza, 14th Floor<br>New York, NY 10111<br>Telephone: 212.589.4200<br><br>Of Counsel:<br><br>**Baker & Hostetler LLP**<br>Deborah Wilcox, Esq. (*pro hac vice*)<br>Key Tower<br>127 Public Square<br>Suite 2000<br>Cleveland, OH 44114<br>Telephone: 216.621.0200<br><br>*Attorneys for Plaintiffs* | **LEX LUMINA PLLC**<br>Rebecca Tushnet, Esq.<br>Rhett O. Millsaps II, Esq.<br>Christopher J. Sprigman, Esq.<br>Mark McKenna, Esq. (*pro hac vice*)<br>745 Fifth Avenue, Suite 500<br>New York, NY 10151<br>Telephone: 646.898.2055<br><br>*Attorneys for Defendant* |

      Except for the dates contained in ¶ 8 above, this Order may not be modified or the dates herein extended, except by further Order of this Court for good cause shown. Any application to modify or extend the dates herein shall be made in a written application in accordance with Court's Individual Rules and shall be made no fewer than two (2) business days prior to the expiration of the date sought to be extended. Absent exceptional circumstances, extensions will not be granted after deadlines have already passed. Ongoing settlement discussions do not extend any date herein unless expressly ordered by the Court.

      The next Case Management Conference is scheduled for _____ at _____.

    SO ORDERED.

Dated: _____
      New York, New York

                                                  GABRIEL W. GORENSTEIN
                                                  United States Magistrate Judge