UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| HERMÈS INTERNATIONAL and HERMÈS OF PARIS, INC.,<br><br>        Plaintiffs,<br><br>  -against-<br><br>MASON ROTHSCHILD,<br><br>        Defendant. | 22-Civ.-00384 (AJN) (GWG)<br><br>SCHEDULING ORDER |

  This Proposed Scheduling Order is submitted by the parties in accordance with Fed. R. Civ. P. 26(f)(3).

  1. Counsel's Appearances for the Parties:

| | |
|---|---|
| **Baker & Hostetler LLP**<br>Gerald J. Ferguson, Esq.<br>gferguson@bakerlaw.com<br>Oren Warshavsky, Esq.<br>owarshavsky@bakerlaw.com<br>Kevin M. Wallace, Esq.<br>kwallace@bakerlaw.com<br>45 Rockefeller Plaza, 14th Floor<br>New York, NY  10111<br>Telephone: 212.589.4200<br><br>Of Counsel:<br><br>**Baker & Hostetler LLP**<br>Deborah Wilcox, Esq. (*pro hac vice*)<br>dwilcox@bakerlaw.com<br>Key Tower<br>127 Public Square<br>Suite 2000<br>Cleveland, OH 44114<br>Telephone: 216.621.0200<br><br>*Attorneys for Plaintiffs*<br>*Hermès International & Hermès of Paris, Inc.* | **LEX LUMINA PLLC**<br>Rebecca Tushnet, Esq.<br>rtushnet@lex-lumina.com<br>Rhett O. Millsaps II, Esq.<br>rhett@lex-lumina.com<br>Christopher J. Sprigman, Esq.<br>chris@lex-lumina.com<br>Mark McKenna, Esq. (*pro hac vice*)<br>mark@lex-lumina.com<br>745 Fifth Avenue, Suite 500<br>New York, NY 10151<br>Telephone: 646.898.2055<br><br>*Attorneys for Defendant*<br>*Mason Rothschild* |

2. Statement of the Issues:

   a. From Plaintiffs: Plaintiffs allege trademark infringement, dilution by blurring, and other causes of action based on Defendant's unauthorized use of METABIRKINS. Plaintiffs seek monetary and injunctive relief.

   b. From Defendant: Defendant filed a motion to dismiss under Fed. R. Civ. P. 12(b)(6), which is not yet fully briefed, arguing that Plaintiffs' claims are barred as a matter of law by *Rogers v. Grimaldi*, 875 F.2d 994 (2d Cir. 1989), and/or *Dastar Corp. v. Twentieth Century Fox Film Corp.*, 539 U.S. 23 (2003).

3. Proposed Schedule:

   a. Initial requests for production of documents and initial interrogatories shall be served by May 9, 2022. Further discovery requests may be served as required, but no discovery request may be served later than 30 days prior to the date of the close of discovery as set forth in ¶ 3.d.

   b. Amended pleadings may not be filed and additional parties may not be joined except with leave of the Court. Any motion to amend or to join additional parties shall be filed within thirty (30) days from the date of this Order.

   c. Depositions shall be completed by August 9, 2022.

      i. Plaintiffs, at this time, anticipate deposing the following witnesses: Sonny Estival (a/k/a Mason Rothschild); Amber Park; Ericka del Rosario; and Eric Ramirez.

      ii. Defendant, at this time, anticipates deposing the following witnesses (if the case is not dismissed as a matter of law): Rule 30(b)(6) witnesses with knowledge of Plaintiffs' takedown requests, Plaintiffs' NFT plans, and any reports of confusion related to MetaBirkins.

   d. All fact discovery is to be completed no later than August 9, 2022.

   e. All expert discovery, including depositions shall be completed by September 23, 2022 with disclosure of expert reports by July 29 and rebuttal disclosures by August 26.

      i. Plaintiffs anticipate retaining expert witnesses in the following fields: likelihood of confusion between the BIRKIN and METABIRKINS marks; fame of the BIRKIN trademarks; NFTs and their valuation; and damages.

    ii. If the case is not dismissed as a matter of law, Defendant anticipates retaining expert witnesses in the following fields: likelihood of confusion, fame of the marks at issue, and NFTs in the art market and elsewhere.

  f. Initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) shall be completed no later than <u>April 22, 2022</u>.

  g. Requests to admit shall be served by <u>July 8, 2022</u>.

  h. Any letter to the assigned district judge seeking permission to file a summary judgment motion shall be filed by September 23, 2022. If the assigned district judge does not have a pre-motion conference requirement, any summary judgment motion shall be filed by October 24, 2022, in accordance with the assigned district judge's Individual Practices.

4. Statement on Limitations on Discovery: The parties are negotiating an order governing the protection of confidential information and documents.

5. Description of Outstanding Discovery Issues:

  a. The parties are negotiating an order governing the production and use of electronically stored information.

  b. Defendant filed a letter notifying the Court it will rely on its April 4 letter-motion requesting a pre-motion conference to discuss Defendant's proposed motion to stay discovery in lieu of filing a notice of motion and supporting memorandum of law, which Plaintiffs will oppose, pending resolution of Defendant's motion to dismiss. In case the Court does not grant a stay of discovery, the parties conferred and agreed upon the schedule proposed herein in compliance with the Court's Order dated March 24, 2022.

6. The parties anticipate a trial will last five days, and Plaintiffs have requested this case be tried to a jury.

7. Counsel for the parties propose seeking such a referral after the close of fact discovery on <u>August 9, 2022</u>. Counsel for the parties do not plan on engaging a private mediator but instead propose, as an alternative dispute resolution mechanism for this case, referral to the Magistrate Judge for a settlement conference. **The parties shall file a letter on ECF when they are ready to have a settlement conference scheduled.**

---

[1] The parties shall follow the rules of the assigned District Judge with respect to any pre-motion conference, filing or other requirements for dispositive motions.

8. All discovery (including requests for admission and any applications to the Court with respect to the conduct of discovery) must be initiated in time to be concluded by the deadline for all discovery. Any application for an extension of the time limitations herein must be made as soon as the cause for the extension becomes known to the party making the application and in accordance with this Court's Individual Practices. Any application not in compliance with this paragraph will be denied. To the extent a party expects to produce electronically stored information, the parties shall promptly discuss the protocols for the search and review of such material.

SO ORDERED.

Dated: April 8, 2022
New York, New York

GABRIEL W. GORENSTEIN
United States Magistrate Judge