UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| HERMÈS INTERNATIONAL and HERMÈS OF PARIS, INC., <br><br>  Plaintiff, <br><br> v. <br><br> MASON ROTHSCHILD, <br><br>  Defendant. | Civil Action No. 22-cv-00384-JSR |

**MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION TO CERTIFY AN INTERLOCUTORY APPEAL UNDER 28 U.S.C. § 1292(B)**

Gerald J. Ferguson, Esq.
Oren J. Warshavsky, Esq.
Kevin M. Wallace, Esq.
BAKER & HOSTETLER LLP
45 Rockefeller Plaza, 14th Floor
New York, New York 10111
Telephone:    212.589.4200
Facsimile:    212.589.4201

Deborah A. Wilcox, Esq. (*pro hac vice*)
BAKER & HOSTETLER LLP
127 Public Square, Suite 2000
Cleveland, OH 44114
Telephone:    216.621.0200

*Of Counsel*:
Lisa Bollinger Gehman, Esq.
BAKER & HOSTETLER LLP
1735 Market Street, Suite 3300
Philadelphia, PA 19103
Telephone:    215.568.3100

*Attorneys for Plaintiffs Hermès International and Hermès of Paris, Inc.*

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ...................................................................................................1

ARGUMENT ...................................................................................................................................3

    I.     DEFENDANT FAILS TO PRESENT A CONTROLLING QUESTION OF LAW AS TO WHICH THERE IS A SUBSTANTIAL GROUND FOR DIFFERENCE OF OPINION THAT CAN RESOLVE THIS CASE.....................3

          A.     DEFENDANT MISINTERPRETS AND MISAPPLIES *DASTAR*...................4

                  1.     *Dastar* Does Not Present a Controlling Question of Law That Would Resolve the Case ................................................................4

                  2.     There Is No Substantial Ground for Difference of Opinion About the Application of *Dastar* .......................................................5

          B.     THE *ROGERS* TEST REQUIRES A MIXED ANALYSIS OF FACT AND LAW, INCLUDING AN ANALYSIS OF THE *POLAROID* FACTORS........................................................................................................8

                  1.     The *Rogers* Test Does Not Present a Controlling Question of Law That Would Resolve the Case...................................................9

                  2.     There Is No Substantial Ground for Difference of Opinion About the Application of *Rogers* .....................................................10

    II.    AN IMMEDIATE APPEAL WILL NOT ADVANCE THE ULTIMATE TERMINATION OF THE LITIGATION, RATHER CERTIFICATION WOULD RESULT IN MATERIAL DELAY .......................................................13

CONCLUSION..............................................................................................................................14

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*AM Gen. LLC v. Activision Blizzard, Inc.*,
    450 F. Supp. 3d 467 (S.D.N.Y. 2020) ......................................................................... 9, 11, 12

*Brown v. Showtime Networks, Inc.*,
    394 F. Supp. 3d 418 (S.D.N.Y. 2019) ...................................................................................... 8

*Capitol Records, LLC v. Vimeo, LLC*,
    972 F. Supp. 2d 537 (S.D.N.Y. 2013) ...................................................................................... 3

*Champion v. Moda Operandi, Inc.*,
    561 F. Supp. 3d 419 (S.D.N.Y. 2021) ............................................................................ 7, 8, 9, 11

*In re CIL, Ltd.*,
    No. 18-CV-2226, 2018 WL 2383102 (S.D.N.Y. May 4, 2018) .............................................. 3

*Cliffs Notes, Inc. v. Bantam Doubleday Dell Pub. Grp., Inc.*,
    886 F.2d 490 (2d Cir. 1989) .................................................................................................. 12

*Dastar Corp. v. Twentieth Century Fox Film Corp.*,
    539 U.S. 23 (2003) ......................................................................................................... passim

*Ebony Media Operations, LLC v. Univision Commc'ns Inc.*,
    No. 18 CIV. 11434(AKH), 2019 WL 8405265 (S.D.N.Y. June 3, 2019) ...................... 2, 9, 11

*In re Facebook, Inc., IPO Sec. & Derivative Litig.*,
    986 F. Supp. 2d 524 (S.D.N.Y. 2014) ................................................................................ 8, 13

*Fraternity Collection, LLC v. Fargnoli*,
    No. 3:13–CV–664–CWR–FKB, 2015 WL 1486375 (S.D. Miss. Mar. 31,
    2015) ..................................................................................................................................... 7, 8

*Harley Davidson, Inc. v. Grottanelli*,
    164 F.3d 806 (2d Cir. 1999) .................................................................................................. 12

*Kelly-Brown v. Winfrey*,
    717 F.3d 295 (2d Cir. 2013) .................................................................................................... 7

*Klinghoffer v. S.N.C. Achille Lauro Ed Altri–Gestione Motonave Achille Lauro in
    Amministrazione Straordinaria*,
    921 F.2d 21 (2d Cir. 1990) ...................................................................................................... 3

*In re Lloyd's Am. Trust Fund Litig.*,
   No. 96–CV–1262 (RWS), 1997 WL 458739 (S.D.N.Y. Aug. 12, 1997) ................................13

*Louis Vuitton Malletier S.A. v. Warner Bros. Ent. Inc.*,
   868 F. Supp. 2d 172 (S.D.N.Y. 2012) ......................................................................................11

*Medina v. Dash Films, Inc.*,
   No. 15-cv-2551-KBF, 2016 WL 3906714 (S.D.N.Y. July 14, 2016) ......................................11

*Mills v. Everest Reinsurance Co.*,
   771 F. Supp. 2d 270 (S.D.N.Y. 2009) ........................................................................................4

*Outhouse PR, LLC v. Northstar Travel Media, LLC*,
   No. 19 CIV. 5979 (NRB), 2020 WL 2512092 (S.D.N.Y. May 15, 2020) ................................7

*Phoenix Entm't Partners v. J-V Successors, Inc.*,
   305 F. Supp. 3d 540 (S.D.N.Y. 2018) ........................................................................................6

*Phoenix Entm't Partners v. Rumsey*,
   829 F.3d 817 (7th Cir. 2016) .....................................................................................................6

*Picard v. Katz*,
   466 B.R. 208 (S.D.N.Y. 2012) ............................................................................................9, 13

*Prout v. Vladeck*,
   319 F. Supp. 3d 74147 (S.D.N.Y. 2018) ..............................................................................1, 10

*Pulse Entm't Corp. v. David*,
   No. CV 14-4732, Dkt. #19 (C.D. Cal. Sept. 17, 2014) ..........................................................6, 7

*Ramos v. Telgian Corp.*,
   No. 14–CV–3422, 2016 WL 1959746 (E.D.N.Y. May 3, 2016) ............................................13

*In re Refco Inc. Sec. Litig.*,
   No. 07 MDL 1902 JSR, 2014 WL 1302857 (S.D.N.Y. Mar. 19, 2014) ...................2, 3, 10, 13

*Rogers v. Grimaldi*,
   875 F.2d 994 (2d Cir. 1989) ............................................................................................ *passim*

*Sec. Inv. Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*,
   No. 12 MC 115 JSR, 2014 WL 465360 (S.D.N.Y. Jan. 14, 2014) ............................................1

*Shepard v. Eur. Pressphoto Agency*,
   291 F. Supp. 3d 465 (S.D.N.Y. 2017) ........................................................................................5

*Soter Techs., LLC v. IP Video Corp.*,
   523 F. Supp. 3d 389 (S.D.N.Y. 2021) ........................................................................................7

*The Apollo Theater Found., Inc. v. W. Int'l Syndication*,
  No. 02 CIV.10037(DLC), 2005 WL 1041141 (S.D.N.Y. May 5, 2005) ................................. 12

*Transp. Workers Union, Local 100 v. N.Y.C. Transit Auth.*,
  358 F. Supp. 2d 347 (S.D.N.Y. 2005) ............................................................................... 13

*Twin Peaks Prods., Inc. v. Publ'ns Int'l, Ltd.*,
  996 F.2d 1366 (2d Cir. 1993) ............................................................................................ 9

*W. Waterproofing Co., Inc. v. Zurich Am. Ins. Co.*,
  No. 20-CV-3199 (AJN), 2022 WL 1501087 (S.D.N.Y. May 11, 2022) ................................. 3

*Youngers v. Virtus Inv. Partners Inc.*,
  228 F. Supp. 3d 295 (S.D.N.Y. 2017) ......................................................................... 3, 9, 11

*Zavaleta v. Bayerische Vereinsbank AG*,
  No. 92 CIV. 5759 CSH, 1996 WL 521423 (S.D.N.Y. Sept. 12, 1996) ................................... 4

**Statutes**

28 U.S.C. § 1292(b) ................................................................................................... *passim*

Lanham Act ............................................................................................................... *passim*

**Other Authorities**

J. Thomas McCarthy, *McCarthy on Trademarks and Unfair Competition* (5th ed.
  2022) ........................................................................................................................ 7, 9, 10

Plaintiffs Hermès International and Hermès of Paris, Inc. (collectively, "Hermès"), by and though their undersigned counsel, respectfully submit this memorandum of law in opposition to the motion ("Motion") brought by defendant Mason Rothschild ("Defendant") to certify an interlocutory appeal under 28 U.S.C. § 1292(b) of the Court's Memorandum Order ("Order") denying Defendant's motion to dismiss (ECF No. 50).

## PRELIMINARY STATEMENT

"No principle of federal jurisprudence has proved more efficacious than the final judgment rule, by which a district court's interim rulings may not normally be appealed until the case is over and final judgment rendered." *Sec. Inv. Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, No. 12 MC 115 JSR, 2014 WL 465360, at *1 (S.D.N.Y. Jan. 14, 2014). Defendant asks this Court to disregard this well-settled law and to certify an interlocutory appeal based on his dissatisfaction with the Court's ruling. In so doing, Defendant invites this Court to create a new body of law. The Court should decline that invitation and deny Defendant's motion.

Defendant argues that his invocation of a First Amendment defense creates an automatic appeal, lamenting that without it, "brand owners will be incentivized to use the expense of litigation as a weapon to enforce even the most dubious Lanham Act claims." ECF No. 53, p. 2. This is not true, there is nothing "dubious" about Hermès' valid Lanham Act claims, and this argument is not the standard for an interlocutory appeal. Nor, contrary to Defendant's assertion, does press attention "warrant immediate interlocutory appeal." ECF No. 53, p. 1. Rather, under 28 U.S.C. § 1292(b), the Court may certify an interlocutory appeal if there is a controlling question of law as to which there is substantial ground for difference of opinion and an immediate appeal will materially advance the ultimate termination of the litigation. As this Court has explained, "[t]his provision impose[s] a high standard." *Prout*, 319 F. Supp. 3d 741, 746–47 (S.D.N.Y. 2018). "Interlocutory appeals are strongly disfavored in the federal system because they derail the orderly

conduct of lawsuits and result in piecemeal and duplicative litigation. They should be rare, and reserved for exceptional circumstances." *Id*. (internal quotations omitted).

Defendant has presented no exceptional circumstances, and the extraordinary remedy of an interlocutory appeal is unwarranted. *First*, Defendant's argument that the Court "ignore[d] the actual holding of *Dastar*" is incorrect. ECF No. 53, pp. 12-14. Defendant reasserts his tortured interpretation of that decision—that the Lanham Act does not apply to anything other than physical goods—while simultaneously ignoring decades of the Lanham Act's application to virtual goods and services. *Second*, the Court properly applied the *Rogers* test under Second Circuit precedent. Defendant's argument that application of the *Polaroid* factors is reserved only for "title-vs.-title conflicts" is unfounded. ECF No. 53, p. 8. To the contrary, the *Polaroid* factors are routinely applied to infringement actions beyond "title-vs.-title conflicts." Defendant even cites to one such case in his Motion. ECF No. 53, p. 4; *See Ebony Media Operations, LLC v. Univision Commc'ns Inc.*, No. 18 CIV. 11434(AKH), 2019 WL 8405265, at *4-5 (S.D.N.Y. June 3, 2019) (applying the *Polaroid* factors to parody image of magazine cover which used, *inter alia*, the Ebony colors, logo, photos of the owners, and several mock headlines). *Third*, Defendant makes several arguments regarding factual analysis in the Order, but mixed questions of law and fact "are not the type of questions that are suited for interlocutory appeal." *In re Refco Inc. Sec. Litig.*, No. 07 MDL 1902 JSR, 2014 WL 1302857, at *2 (S.D.N.Y. Mar. 19, 2014). *Fourth*, firm dates have been set for the conclusion of discovery and trial; an interlocutory appeal will only create a material delay. *See id*. This case has a tight schedule that will ensure that the parties (including Defendant) are not entrenched in years-long litigation.

Defendant's reiteration of the same arguments is as unpersuasive as the irrelevant *WIRED* article he cites in support of his disingenuous position as a First Amendment martyr. ECF No. 53,

p. 15. Defendant does not present exceptional circumstances which warrant prolonging this judicial proceeding, adding delay and increased expense to the parties, and burdening the appellate court. *See In re Refco Inc. Sec. Litig.*, 2014 WL 1302857 at *1. The Order is simply not one that involves a new legal question or is of special consequence. Defendant merely wishes to relitigate the same issues from his motion to dismiss and delay discovery. He unpersuasively pushes to find error where none exists. Defendant's Motion should be denied.

## ARGUMENT

**I. DEFENDANT FAILS TO PRESENT A CONTROLLING QUESTION OF LAW AS TO WHICH THERE IS A SUBSTANTIAL GROUND FOR DIFFERENCE OF OPINION THAT CAN RESOLVE THIS CASE**

The requirement under 28 U.S.C. § 1292(b)—that there is a controlling question of law as to which there is substantial ground for difference of opinion—is met if "(1) there is conflicting authority on the issue, or (2) the issue is particularly difficult and of first impression for the Second Circuit." *W. Waterproofing Co., Inc. v. Zurich Am. Ins. Co.*, No. 20-CV-3199 (AJN), 2022 WL 1501087, at *4 (S.D.N.Y. May 11, 2022) (quoting *Youngers v. Virtus Inv. Partners Inc.*, 228 F. Supp. 3d 295, 299 (S.D.N.Y. 2017)) (internal citations omitted).

A "question of law must refer to a pure question of law that the reviewing court could decide quickly and cleanly without having to study the record." *Capitol Records, LLC v. Vimeo, LLC*, 972 F. Supp. 2d 537, 551 (S.D.N.Y. 2013). "A question of law is controlling if reversal of the district court's order would terminate the action." *Youngers*, 228 F. Supp. 3d at 298 (citing *Klinghoffer v. S.N.C. Achille Lauro Ed Altri–Gestione Motonave Achille Lauro in Amministrazione Straordinaria*, 921 F.2d 21, 24 (2d Cir. 1990)) (internal quotations omitted). For a substantial ground for difference of opinion to exist, the appellant must show that there is more than just a "strong disagreement among the parties." *In re CIL, Ltd.*, No. 18-CV-2226, 2018 WL 2383102, at *2 (S.D.N.Y. May 4, 2018). Similarly, certification "requires more than a claim that

the court's ruling was wrong." *Mills v. Everest Reinsurance Co.*, 771 F. Supp. 2d 270, 273 (S.D.N.Y. 2009).

### A. DEFENDANT MISINTERPRETS AND MISAPPLIES *DASTAR*

Defendant insists that the Order "ignores the actual holding of *Dastar*" and that the Court has given the case "cursory treatment" because it was addressed in a footnote. ECF No. 53, pp. 12-14. Because Hermès agrees with the Court that this issue can be summarily addressed, it will turn to this case first.

#### 1. *Dastar* Does Not Present a Controlling Question of Law That Would Resolve the Case

As a threshold matter, it is inaccurate for Defendant to argue that if his novel interpretation of *Dastar Corp. v. Twentieth Century Fox Film Corp.*, 539 U.S. 23 (2003) were to prevail, all Hermès' claims, both state and federal, would be dismissed. ECF No. 53, p. 4. This appears to overstate even Defendant's own interpretation of *Dastar*, which is that it limits Lanham Act claims only to misrepresentations concerning physical goods. ECF No. 53, p. 12. As Defendant previously seemed to understand, *Dastar* only applies to Lanham Act—i.e., federal—claims. *Dastar*, 539 U.S. at 27-29 (ruling only on the Lanham Act claim before it, as did the Ninth Circuit, although the case also involved a state law claim).

Here, the Lanham Act and state law claims require essentially the same evidentiary showing and dismissal of only the Lanham Act claims would do nothing to speed this litigation to its conclusion. *See Zavaleta v. Bayerische Vereinsbank AG*, No. 92 CIV. 5759 CSH, 1996 WL 521423, at *4 (S.D.N.Y. Sept. 12, 1996) (finding that even if the motion to dismiss the state law claim were granted at the interlocutory appeal stage, the federal claim would still go forward). Because the state law claims would go forward even if the Second Circuit were to adopt

Defendant's unsupported view, *Dastar* fails to present a controlling question of law that would terminate the case, as required by 28 U.S.C. § 1292(b).

### 2. **There Is No Substantial Ground for Difference of Opinion About the Application of *Dastar***

The application of *Dastar* here is neither novel nor complex nor is there substantial ground for difference of opinion regarding that application. Defendant continues to misstate *Dastar*'s holding by arguing that the Lanham Act is inapplicable to address infringement and/or confusion with respect to intangible goods, like the subject METABIRKINS images and NFTs. In so doing, Defendant ignores decades of the Lanham Act's application to virtual goods and services as stated below. Hermès agrees with the Court that this is an "unduly narrow reading" of *Dastar*. ECF No. 50, p. 19.

As explained in Hermès' brief opposing Defendant's motion to dismiss, "*Dastar* addresses the interplay between copyright—which protects authors' rights in their creations—and unfair competition laws—which protect consumers from, *inter alia*, confusion as to the origin of goods." *See* ECF No. 31, pp. 12-13; *Shepard v. Eur. Pressphoto Agency*, 291 F. Supp. 3d 465, 469 (S.D.N.Y. 2017) (citing *Dastar*, 539 U.S. 23). In rejecting an effort to use the Lanham Act to refashion a claim for copyright-like rights, *Dastar* differentiates between the origin of creative ideas (the provenance of copyright) and "tangible goods that are offered for sale." *See Dastar*, 539 U.S. at 37. The issue of whether the Lanham Act protects consumers of virtual goods and services was simply not before the *Dastar* Court.

The cases cited by Defendant are inapposite and offer no different explanation. *See* ECF No. 53, p. 13. Defendant relies on two cases in which, as in *Dastar*, the plaintiffs did not hold the copyrights, so they pursued what were essentially copyright claims under the guise of the Lanham

Act.[1] For example, the Lanham Act did not apply in *Phoenix Entm't Partners v. Rumsey* because the unauthorized copying claims were properly copyright infringement claims, not trademark infringement claims. 829 F.3d 817, 825-26 (7th Cir. 2016). Although the court assumed the digital karaoke files to be "tangible goods" for purposes of the Lanham Act, any confusion did not involve the *origin* of the goods. *Id.* at 829 (emphasis added). The consumers never saw the digital karaoke files and the defendants neither sold them nor made representations about their source. *Id. See also Phoenix Entm't Partners v. J-V Successors, Inc.*, 305 F. Supp. 3d 540, 543-44 (S.D.N.Y. 2018) (no Lanham Act claim for copying of digital karaoke tracks, the source of which consumers do not know or care about). As the Supreme Court explained, "[t]he words of the Lanham Act should not be stretched to cover matters that are typically of no consequence to purchasers." *Dastar*, 539 U.S. at 32-33; *J-V Successors*, 305 F.3d at 543-44 ("[T]he use of a goods trademark to protect against copying the tracks raises the spectre of the 'species of mutant copyright law' about which the Supreme Court cautioned in *Dastar*."). Hermès' claim here is not a disguised copyright claim. Hermès' alleges traditional trademark infringement in that the consumers of the METABIRKINS images are confused about the *origin* of source: consumers see the METABIRKINS name when selecting an NFT to purchase; are confused into believing that Hermès is affiliated with METABIRKINS; and are purchasing METABIRKINS based on representations of source made by Defendant. These digital commodities fall squarely within the Lanham Act.

Defendant also cites an unpublished order from *Pulse Entm't Corp. v. David*, No. CV 14-4732, Dkt. #19 (C.D. Cal. Sept. 17, 2014), which is equally unpersuasive. In *Pulse*, the plaintiff asserted that defendants infringed plaintiff's patents in creating a Michael Jackson hologram and

---

[1] In *Dastar*, the plaintiff had not renewed the copyright in the television series, leaving the series in the public domain. 539 U.S. at 23. Similarly in *Rumsey* and *J-V Successors*, the plaintiff pursued its claims as trademark rather than copyright because it did not own the relevant copyrights. *Rumsey*, 829 F.3d at 824; *J-V Successors*, 305 F. Supp. at 543.

6

brought reverse passing off claims under the Lanham Act. *Id.* at 1-2. The court held that "the thrust of Pulse's complaint is that Defendants falsely designated themselves as the authors of an intangible communication," which supports Hermès' and the Court's interpretation of *Dastar*. *Id.* at 4. Here, unlike in *Pulse*, the question of *authorship* is not at issue. Rather, the issue is one of source: Hermès alleges that Defendant is marketing and selling NFTs under a name— METABIRKINS—which is confusingly similar to BIRKIN. Hermès does *not* allege that it is the author of the NFTs.

There is no legitimate question that the Lanham Act applies to digital goods. Indeed, there is ample supporting caselaw even within this District. *See, e.g.*, *Kelly-Brown v. Winfrey*, 717 F.3d 295, 313 (2d Cir. 2013) (vacating the District Court's motion to dismiss the plaintiff's Lanham Act claims involving use of trademark on, among other things, a website and digital content therein); *Soter Techs., LLC v. IP Video Corp.*, 523 F. Supp. 3d 389, 399-400 (S.D.N.Y. 2021) (holding that defendant's use of a domain name incorporating plaintiff's mark to redirect users to defendant's website constitutes use in commerce and may be the basis for trademark infringement claims); *Champion v. Moda Operandi, Inc.*, 561 F. Supp. 3d 419 (S.D.N.Y. 2021) (evaluating Lanham Act claims as related to use of digital images on a website); *Outhouse PR, LLC v. Northstar Travel Media, LLC*, No. 19 CIV. 5979 (NRB), 2020 WL 2512092, at *3 (S.D.N.Y. May 15, 2020), vacated pursuant to settlement, No. 119CV5979NRBBCM, 2020 WL 12979826 (S.D.N.Y. Oct. 28, 2020) (applying the Lanham Act to use of trademark on website and digital articles).

Even "[u]sing another's trademark along with a hashtag can create a likelihood of confusion of association and constitute trademark infringement." 1 J. Thomas McCarthy, *McCarthy on Trademarks and Unfair Competition* § 7:17.70 (5th ed. 2022); *See also Fraternity*

7

*Collection, LLC v. Fargnoli*, No. 3:13–CV–664–CWR–FKB, 2015 WL 1486375, *4 (S.D. Miss. Mar. 31, 2015) (refusing to dismiss clothing designer's trademark and false advertising claims based on defendant's competitive use of plaintiff's mark in hashtags on social media, and acknowledging that this "could, in certain circumstances, deceive consumers"). Finally, it is worth nothing that most of the cases Defendant cites to, even if his novel interpretation were taken seriously, are not within this District. "Where the decision under review is in conflict with other decisions within the *same district* substantial ground for difference of opinion may exist." *In re Facebook, Inc., IPO Sec. & Derivative Litig.*, 986 F. Supp. 2d 524, 540 (S.D.N.Y. 2014) (emphasis added).

Thus, Defendant fails to raise substantial grounds for a difference of opinion regarding the Supreme Court's decision in *Dastar*.

### B.  THE *ROGERS* TEST REQUIRES A MIXED ANALYSIS OF FACT AND LAW, INCLUDING AN ANALYSIS OF THE *POLAROID* FACTORS

Under *Rogers*, a trademark used in an accused expressive work will be prohibited as trademark infringement or false designation under the Lanham Act only if the mark has: (1) no artistic relevance to the accused work, and (2) if there is artistic relevance, use of the mark in the accused work explicitly misleads as to the source or the content of the work. *Rogers v. Grimaldi*, 875 F.2d 994, 999 (2d Cir. 1989).

The artistic relevance prong of *Rogers* ensures that the defendant intended an artistic and noncommercial association with plaintiff's mark as opposed to one in which the defendant intends to associate with the mark to exploit the mark's popularity or good will. *Champion*, 561 F. Supp. 3d at 435. The threshold for artistic relevance is purposefully low and will be satisfied unless the use has no artistic relevance to the underlying work. *Brown v. Showtime Networks, Inc.*, 394 F. Supp. 3d 418, 442 (S.D.N.Y. 2019). The question of whether the accused use is artistically relevant

8

is a factual issue. 6 McCarthy, *supra*, § 31:144.50 (The *Rogers* two step balancing test for accommodating free speech).

In the Second Circuit, the explicitly misleading prong of the *Rogers* test is based on the same considerations as the likelihood of confusion factors. *Champion*, 561 F. Supp. at 436. The explicitly misleading determination must be made by application of the "venerable *Polaroid* factors." *Twin Peaks Prods., Inc. v. Publ'ns Int'l, Ltd.*, 996 F.2d 1366, 1379 (2d Cir. 1993) (citations omitted); *See also AM Gen. LLC v. Activision Blizzard, Inc.*, 450 F. Supp. 3d 467, 478 (S.D.N.Y. 2020) (applying the *Polaroid* factors to depictions of a Humvee military vehicle in a video game); *Ebony Media Operations*, 2019 WL 8405265 at *3 (applying the *Polaroid* factors to parody magazine cover).

### 1. The *Rogers* Test Does Not Present a Controlling Question of Law That Would Resolve the Case

Defendant argues that the Order's application of *Rogers* constitutes a controlling question of law that, if decided differently, would terminate this case in its entirety. ECF No. 53, p. 3. This is wrong because, among other reasons, the issue presents a mixed question of law and fact, rather than a pure question of law as required by 28 U.S.C. § 1292(b).[2] The resolution of this issue would still require a factual analysis heavily dependent on the circumstances of the case such that the Second Circuit would benefit from a full and complete record. *See, e.g.*, *Youngers*, 228 F. Supp. 3d at 302 (reasoning that an issue would be best addressed "on a more fulsome record after discovery is complete."); *Picard v. Katz*, 466 B.R. 208, 210 (S.D.N.Y. 2012) ("When the trial of this proceeding is completed and final judgment entered, just a few months from now, an appellate

---

[2] Contrary to Defendant's assertions, it was Defendant, not the Court, who posited that "Hermès' remaining claims… rise and fall with the First Amendment defense to the trademark infringement claims." ECF No. 50, p. 19. The resolution of this issue against the Defendant therefore resolved the entirety of his motion; this is in no way suggests that the converse would be true.

court will be able to review, on a full record…this ruling."). This Court would also benefit from discovery to resolve factual issues. *See In re Refco Inc. Sec. Litig.*, 2014 WL 1302857 at *2 (indicating that "even if the Second Circuit were to answer both of the proposed questions for certification in the affirmative, the case would still need to be remanded for … factual determinations").

As this Court has stated, mixed questions of law and fact "are not the type of questions that are suited for interlocutory appeal." *Id.* at *2.

### 2. There Is No Substantial Ground for Difference of Opinion About the Application of *Rogers*

Defendant also argues that the Court's Order misapplies *Rogers* and its progeny in two ways, first by finding that additional factual development is required to determine whether the METABIRKINS title is artistically relevant to the METABIRKINS images, and second in applying the *Polaroid* factors to the explicitly misleading prong of *Rogers*. ECF No. 53, pp. 5-7.

As to the first argument, Defendant attempts to convert a factual argument into a legal one, stating that "[t]he Order's failure to find artistic relevance thus is legal error." ECF No. 53, p. 7. "The question of whether the accused use is artistically relevant is a factual issue." 6 McCarthy, *supra*, § 31:144.50. As in *Prout v. Vladeck*, interlocutory appeal is unwarranted here because "the heart of defendants' disagreement with the Court's decision hinge[d] on questions of fact that the Second Circuit could not decide quickly and cleanly without having to study the record." 319 F. Supp. 3d at 747 (citation and internal quotations omitted). In any event, the Court did not deny Defendant's motion to dismiss on this basis but instead declined to resolve it, finding that Defendant's motion should be denied "[e]ven if the 'MetaBirkins' satisfied the artistic relevance prong." ECF No. 50, p. 14.

Defendant's second *Rogers* argument is equally unpersuasive. Defendant argues that the Court improperly applied the *Polaroid* factors to the explicitly misleading prong of the *Rogers* test. ECF No. 53, pp. 7-9. There is no support in the Second Circuit for Defendant's argument that the *Polaroid* factors are reserved for the "special category of title-vs.-title conflicts." ECF No. 53, p. 8. Notably, even if Defendant were correct, this Court has already explained that an order which is "inconsistent with Second Circuit precedent," without more, is within the ambit of a motion for reconsideration, not an interlocutory appeal. *Youngers*, 228 F. Supp. 3d at 299. "[I]f that were true there would be no 'substantial ground for difference of opinion' and a motion for reconsideration would have been more appropriate." *Id.* Here however, as in *Youngers*, the Order is consistent with Second Circuit precedent.

The Second Circuit has consistently applied the *Polaroid* factors to the explicitly misleading prong of the *Rogers* test. Indeed, this Court recently applied the venerable *Polaroid* factors to alleged infringement involving visual images in video games and to the layout and design of magazine covers. *See AM Gen. LLC*, 450 F. Supp. 3d at 478 (applying the *Polaroid* factors to depictions of a Humvee military vehicle in a video game); *Ebony Media Operations*, 2019 WL 8405265 at *3 (applying the *Polaroid* factors to parody magazine cover). Defendant did not and cannot cite to Second Circuit authority that supports his interpretation of excluding the *Polaroid* factors from the *Rogers* test. In fact, Defendant cites several cases that stand for the contrary proposition. ECF No. 53, pp. 4, 9-10. *See Champion*, 561 F. Supp. at 437-442; *Ebony Media Operations*, 2019 WL 8405265 at *4; *Medina v. Dash Films, Inc.*, No. 15-cv-2551-KBF, 2016 WL 3906714, at *4 (S.D.N.Y. July 14, 2016); *Louis Vuitton Malletier S.A. v. Warner Bros. Ent. Inc.*, 868 F. Supp. 2d 172, 179 (S.D.N.Y. 2012) (all applying the *Polaroid* factors under the explicitly misleading prong of *Rogers*).

11

Defendant further challenges this Court's conclusion that even if the *Polaroid* analysis were not relevant, and instead Defendant's theory applied, Hermès has adequately alleged that Defendant's use of the METABIRKINS mark is explicitly misleading. ECF No. 50, p. 18. His only argument, however, is to point to paragraphs of the Amended Complaint cited in the Court's Order and argue they do not support the finding that Defendant made statements that are "'plausibly interpreted as explicitly [sic] misstatements and that this engendered the confusion on the part of consumers.'" ECF No. 53, pp. 10-11. Defendant's argument has nothing to do with any question of law; it is entirely factual and thus inappropriate for interlocutory appeal.

The explicitly misleading prong of the *Rogers* test, like the artistic relevance prong, requires a factual analysis. *See Harley Davidson, Inc. v. Grottanelli*, 164 F.3d 806, 812 (2d Cir. 1999) (evaluating the scope of defendant's use of the mark on his business signage, in his newsletter, and on t-shirts to determine that parodic use of the mark was sharply limited); *Cliffs Notes, Inc. v. Bantam Doubleday Dell Pub. Grp., Inc.*, 886 F.2d 490, 496 (2d Cir. 1989) (conducting extensive factual evaluation of plaintiff's and defendant's use of the mark including respective customer bases and their purpose in purchasing the books, design of the cover of the books, difference in pricing, content covered in the books, and the copyright notice on the inside cover); *AM Gen. LLC*, 450 F. Supp. 3d at 478 (making factual determinations on each of the *Polaroid* factors); *The Apollo Theater Found., Inc. v. W. Int'l Syndication*, No. 02 CIV.10037(DLC), 2005 WL 1041141, at *15 (S.D.N.Y. May 5, 2005) (denying defendant's summary judgment motion on First Amendment grounds because whether the show's title was explicitly misleading involved questions of fact).

Defendant's arguments are baseless, misstate this Court's consistent application of the *Rogers* test, and do not involve the kind of conflict with other decisions within this District which

give rise to substantial ground for difference of opinion. *See In re Facebook, Inc., IPO Sec. & Derivative Litig.*, 986 F. Supp. 2d at 540. Thus, Defendant fails to raise substantial grounds for a difference of opinion regarding the application of *Rogers*.

## II. AN IMMEDIATE APPEAL WILL NOT ADVANCE THE ULTIMATE TERMINATION OF THE LITIGATION; RATHER CERTIFICATION WOULD RESULT IN MATERIAL DELAY

"An interlocutory appeal materially advances the litigation when it promises to advance the time for trial or shorten the time required therefor." *Ramos v. Telgian Corp.*, No. 14–CV–3422, 2016 WL 1959746, at *2 (E.D.N.Y. May 3, 2016) (citing *Transp. Workers Union, Local 100 v. N.Y.C. Transit Auth.*, 358 F. Supp. 2d 347, 350 (S.D.N.Y. 2005) (internal quotations omitted)). "[T]he efficiency of both the district court and the appellate court are to be considered, and the benefit to the district court of avoiding unnecessary trial must be weighed against the inefficiency of having the Court of Appeals hear multiple appeals in the same case." *In re Lloyd's Am. Trust Fund Litig.*, No. 96–CV–1262 (RWS), 1997 WL 458739, at *4 (S.D.N.Y. Aug. 12, 1997).

Defendant argues that certifying this matter for interlocutory appeal may materially advance the ultimate termination of the litigation because if the Second Circuit were to agree with his interpretation of either *Dastar* or *Rogers*, the lawsuit would end. As explained above, this is incorrect. Even if the Appellate Court agrees with Defendant on these issues, neither would end the litigation. Instead, it would simply prolong it. There would still be factual issues to be resolved at trial. *See In re Refco Inc. Sec. Litig.*, 2014 WL 1302857 at *2.

Notably, this Court has found that an interlocutory appeal would cause a material delay in cases where firm dates have been set for discovery and for trial. *See id.* A firm date, less than three months away, has been set for the completion of discovery. The parties are to be trial-ready in less than five months. *See Picard*, 466 B.R. at 210 (finding that with trial firmly set to begin in two months, "the main effect of granting the [] motion would be to materially delay, rather than

13

materially advance, the ultimate termination of the litigation"). Under these circumstances, interlocutory review will only delay, rather than materially advance, the ultimate resolution of this case.

## CONCLUSION

For the foregoing reasons, Defendant has not met his high burden in proving any of the elements required under 28 U.S.C. § 1292(b). An interlocutory appeal, which is reserved for exceptional circumstances, is not warranted in this case. Hermès respectfully requests that Defendant's motion to certify an interlocutory appeal be denied in its entirety, and that this case expeditiously proceed to trial.

Dated: June 24, 2022
       New York, New York

Respectfully submitted,

**BAKER & HOSTETLER LLP**

By:  /s/ *Gerald J. Ferguson*

**BAKER & HOSTETLER LLP**
Deborah Wilcox, Esq. (*pro hac vice*)
Key Tower
127 Public Square, Suite 2000
Cleveland, OH 44114
Telephone:   216.621.0200

*Of Counsel:*
**BAKER & HOSTETLER LLP**
Lisa Bollinger Gehman, Esq.
1735 Market Street, Suite 3300
Philadelphia, PA 19103
Telephone:   215.568.3100

Gerald J. Ferguson, Esq.
Oren J. Warshavsky, Esq.
Kevin M. Wallace, Esq.
45 Rockefeller Plaza, 14th Floor
New York, NY 10111
Telephone:   212.589.4200
Facsimile:    212.589.4201

*Attorneys for Plaintiffs*
*Hermès International and*
*Hermès of Paris, Inc.*