# Exhibit 11

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

HERMÈS INTERNATIONAL and
HERMÈS OF PARIS, INC.,

Plaintiffs,

-against-

MASON ROTHSCHILD,

Defendant.

CIVIL ACTION NO.

22-CV-00384 (JSR)

**PLAINTIFFS HERMÈS INTERNATIONAL AND HERMÈS OF PARIS, INC.'S, RESPONSES TO DEFENDANT ROTHSCHILD'S FIRST SET OF REQUESTS FOR ADMISSION**

Pursuant to Federal Rule of Civil Procedure 26 and 36, Plaintiff Hermès International and Hermès of Paris, Inc. ("Plaintiffs") by their undersigned attorneys, Baker & Hostetler LLP hereby respond to Defendant Mason Rothchild's ("Defendant") First Set of Requests for Admission (or the "Requests") as follows:

## GENERAL RESPONSE

The responses made herein (the "Responses") are supplied for use in this lawsuit and for no other purpose and are supplied subject to that limitation. Plaintiffs reserve the right to object to the use, competency, relevancy, materiality, or admissibility of any of these Responses at trial or any other proceedings, as Plaintiffs deem necessary and appropriate. Plaintiffs reserve the right at any time to review, correct, change, amend, add to, supplement, or clarify any of the Reponses contained herein. Unless otherwise stated, Plaintiffs respond to the following Requests for Admission according to their interpretation and definition of the terms and phrases used in the Requests for Admission.

**SPECIFIC OBJECTIONS AND RESPONSES TO REQUESTS FOR ADMISSION**

**REQUEST FOR ADMISSION NO. 1:**

Admit that the MetaBirkins are not physical handbags.

**RESPONSE TO REQUEST FOR ADMISSION NO. 1:**

Plaintiffs object to the definition of "MetaBirkins" as being incomplete because the term refers to more than just 100 digital images or NFTs. Subject to and without waiving any of their objections, Plaintiffs admit that currently the MetaBirkins NFTs do not refer to physical handbags.

**REQUEST FOR ADMISSION NO. 2:**

Admit that the MetaBirkins are static digital images.

**RESPONSES TO REQUEST FOR ADMISSION NO. 2:**

Plaintiffs object to the definition of "MetaBirkins" as being incomplete because the term refers to more than just 100 digital images or NFTs. Plaintiffs object to this Request as vague and ambiguous, as it is unclear what is meant by "static digital images."

Subject to and without waiving any of their objections, Plaintiffs deny that between 12:16 and 1:57 AM UTC on December 3, 2021 the MetaBirkins NFTs were associated with "static digital images," admit that currently the MetaBirkins NFTs are associated with static digital images, and states that owner of the smart contract governing the MetaBirkins NFTs may change the nature of the digital image in the future.

**REQUEST FOR ADMISSION NO. 3:**

Admit that the MetaBirkins are images depicting imaginary Birkin Bags.

**RESPONSE TO REQUEST FOR ADMISSION NO. 3:**

Plaintiffs object to the definition of "MetaBirkins" as being incomplete because the term refers to more than just 100 digital images or NFTs. Plaintiffs object to this Request as vague and ambiguous, as it is unclear what is meant by "imaginary Birkin Bags."

Subject to and without waiving any of their objections, Plaintiffs admit that the MetaBirkins NFTs currently are associated with images depicting Birkin bags.

**REQUEST FOR ADMISSION NO. 4:**

Admit that the MetaBirkins are not wearable in virtual worlds.

**RESPONSES TO REQUEST FOR ADMISSION NO. 4:**

Plaintiffs object to the definition of "MetaBirkins" as being incomplete because the term refers to more than just 100 digital images or NFTs. Plaintiffs object to this Request as vague and ambiguous, as it is unclear what is meant by "wearable" or "virtual worlds."

Subject to and without waiving any of their objections, Plaintiffs deny this Request and state that the images currently associated with MetaBirkins NFTs are wearable in virtual worlds.

**REQUEST FOR ADMISSION NO. 5:**

Admit that the MetaBirkins are not reproductions of actual Birkin Bags.

**RESPONSE TO REQUEST FOR ADMISSION NO. 5:**

Plaintiffs object to the definition of "MetaBirkins" as being incomplete because the term refers to more than just 100 digital images or NFTs. Plaintiffs object to this Request as vague and