# Exhibit 143

| | |
|---|---|
| **Generated on:** | This page was generated by TSDR on 2022-10-18 14:21:19 EDT |
| **Mark:** | PRADA |

# PRADA

| | | | |
|---|---|---|---|
| **US Serial Number:** | 97112054 | **Application Filing Date:** | Nov. 06, 2021 |
| **Register:** | Principal | | |
| **Mark Type:** | Trademark, Service Mark | | |
| **TM5 Common Status Descriptor:** | | | LIVE/APPLICATION/Under Examination |
| | | | The trademark application has been accepted by the Office (has met the minimum filing requirements) and that this application has been assigned to an examiner. |
| **Status:** | A non-final Office action has been sent (issued) to the applicant. This is a letter from the examining attorney requiring additional information and/or making an initial refusal. The applicant must respond to this Office action. To view all documents in this file, click on the Trademark Document Retrieval link at the top of this page. | | |
| **Status Date:** | Aug. 29, 2022 | | |

## Mark Information

| | |
|---|---|
| **Mark Literal Elements:** | PRADA |
| **Standard Character Claim:** | Yes. The mark consists of standard characters without claim to any particular font style, size, or color. |
| **Mark Drawing Type:** | 4 - STANDARD CHARACTER MARK |

## Goods and Services

**Note:**
The following symbols indicate that the registrant/owner has amended the goods/services:
- Brackets [..] indicate deleted goods/services;
- Double parenthesis ((..)) identify any goods/services not claimed in a Section 15 affidavit of incontestability; and
- Asterisks *..* identify additional (new) wording in the goods/services.

| | | | |
|---|---|---|---|
| **For:** | Downloadable virtual goods, namely, computer programs featuring footwear, clothing, headwear, eyewear, handbags, laptop bags, backpacks, luggage, briefcases, art, toys, jewelry, watches, hair accessories, pet collars, accessories and charms for use in online virtual worlds | | |
| **International Class(es):** | 009 - Primary Class | **U.S Class(es):** | 021, 023, 026, 036, 038 |
| **Class Status:** | ACTIVE | | |
| **Basis:** | 1(b) | | |
| **For:** | Retail store services featuring virtual goods, namely, footwear, clothing, headwear, eyewear, handbags, laptop bags, backpacks, luggage, briefcases, art, toys, jewelry, watches, hair accessories, pet collars, accessories and charms for use in online virtual worlds | | |
| **International Class(es):** | 035 - Primary Class | **U.S Class(es):** | 100, 101, 102 |
| **Class Status:** | ACTIVE | | |
| **Basis:** | 1(b) | | |
| **For:** | Entertainment services, namely, providing on-line, non-downloadable virtual footwear, clothing, headwear, eyewear, handbags, laptop bags, backpacks, luggage, briefcases, art, toys, jewelry, watches, hair accessories, pet collars, accessories and charms for use in virtual environments created for entertainment purposes | | |
| **International Class(es):** | 041 - Primary Class | **U.S Class(es):** | 100, 101, 107 |

**Class Status:** ACTIVE
**Basis:** 1(b)

## Basis Information (Case Level)

| | | | |
|---|---|---|---|
| **Filed Use:** | No | **Currently Use:** | No |
| **Filed ITU:** | Yes | **Currently ITU:** | Yes |
| **Filed 44D:** | No | **Currently 44E:** | No |
| **Filed 44E:** | No | **Currently 66A:** | No |
| **Filed 66A:** | No | **Currently No Basis:** | No |
| **Filed No Basis:** | No | | |

## Current Owner(s) Information

**Owner Name:** MOHAMMED, REATH
**Owner Address:** 7536 BULLER ROAD
PATTISON, TEXAS UNITED STATES 77423
**Legal Entity Type:** INDIVIDUAL     **Citizenship:** UNITED STATES

## Attorney/Correspondence Information

**Attorney of Record - None**
**Correspondent**

**Correspondent Name/Address:** MOHAMMED, REATH
7536 BULLER ROAD
PATTISON, TEXAS UNITED STATES 77423
**Phone:** 954-829-4004
**Correspondent e-mail:** PREUBEN2002@ICLOUD.COM     **Correspondent e-mail Authorized:** Yes

**Domestic Representative - Not Found**

## Prosecution History

| Date | Description | Proceeding Number |
|---|---|---|
| Aug. 29, 2022 | NOTIFICATION OF NON-FINAL ACTION E-MAILED | |
| Aug. 29, 2022 | NON-FINAL ACTION E-MAILED | |
| Aug. 29, 2022 | NON-FINAL ACTION WRITTEN | 83182 |
| Aug. 17, 2022 | ASSIGNED TO EXAMINER | 83182 |
| Nov. 16, 2021 | NEW APPLICATION OFFICE SUPPLIED DATA ENTERED IN TRAM | |
| Nov. 10, 2021 | NEW APPLICATION ENTERED IN TRAM | |

## TM Staff and Location Information

**TM Staff Information**

**TM Attorney:** TOOLEY, DAVID E     **Law Office Assigned:** LAW OFFICE 125

**File Location**

**Current Location:** TMO LAW OFFICE 125     **Date in Location:** Aug. 29, 2022

2

|          |                                                           |
|----------|-----------------------------------------------------------|
| To:      | MOHAMMED, REATH(PREUBEN2002@ICLOUD.COM)                   |
| Subject: | U.S. Trademark Application Serial No. 97112054 - PRADA    |
| Sent:    | August 29, 2022 01:08:54 PM EDT                           |
| Sent As: | tmng.notices@uspto.gov                                    |

**Attachments**

EXHIBIT A.jpg
screencapture-fashion-luxury-brands-history-of-prada-16617914359201
screencapture-en-wikipedia-org-wiki-Prada-16617915482461
EXHIBIT B.jpg
1873854
1869578
2135219
1400409
2374118
1264243
2622757
2162795
2303400
3216020
2504023
3811442
4162840
4085890
4037037
4853111
4906708
4957774
4252208
4843465
5958222
5963874
6641706
4051748
5993251
5407686
5394019
4803867
6306675
EXHIBIT C.jpg
screencapture-www-inputmag-com-style-roblox-gucci-bag-handbag-purse-digital-virtual-nft-sold-4000-16615343646821
screencapture-www-voguebusiness-com-technology-metas-new-digital-fashion-marketplace-will-sell-prada-balenciaga-and-thom-browne-16615340682431
screencapture-www-nytimes-com-2021-10-04-style-dolce-gabbana-nft-html-

> 16615341713901
> screencapture-www-theverge-com-22833369-nike-rtfkt-nft-sneaker-shoe-metaverse-company-16615339255241
> EXHIBIT D.jpg
> 97112054 Search _ PRADA _ TM EXAM.pdf

**United States Patent and Trademark Office (USPTO)**
**Office Action (Official Letter) About Applicant's Trademark Application**

**U.S. Application Serial No.** 97112054

**Mark:**  PRADA

**Correspondence Address:**
MOHAMMED, REATH
7536 BULLER ROAD
PATTISON TX 77423 UNITED STATES

**Applicant:**  MOHAMMED, REATH

**Reference/Docket No.** N/A

**Correspondence Email Address:**  PREUBEN2002@ICLOUD.COM

# NONFINAL OFFICE ACTION

**The USPTO must receive applicant's response to this letter within <u>six months</u> of the issue date below or the application will be <u>abandoned.</u>** Respond using the Trademark Electronic Application System (TEAS). A link to the appropriate TEAS response form appears at the end of this Office action.

**Issue date:**  August 29, 2022

The referenced application has been reviewed by the assigned trademark examining attorney. Applicant must respond timely and completely to the issue(s) below. 15 U.S.C. §1062(b); 37 C.F.R. §§2.62(a), 2.65(a); TMEP §§711, 718.03.

<u>**Summary of Issues**</u>

- Section 2(a) Refusal--False Connection
- Section 2(d) Refusal—Likelihood of Confusion
- Prior-filed Pending Application

**Section 2(a) Refusal--False Connection**

Registration is refused because the applied-for mark consists of or includes matter that may falsely suggest a connection with PRADA. Trademark Act Section 2(a), 15 U.S.C. §1052(a). See attached EXHIBIT A from Fashion.Luxury and Wikipedia. Although Reath Mohammed is not connected with the goods and/or services provided by applicant under the applied-for mark, PRADA is so well-known that consumers would presume a connection. *See id*.

Trademark Act Section 2(a) prohibits registration of "matter which may . . . falsely suggest a connection with persons, living or dead, institutions, beliefs, or national symbols." 15 U.S.C. §1052(a). To establish that an applied-for mark falsely suggests a connection with a person or an institution, the following is required:

> (1) The mark sought to be registered is the same as, or a close approximation of, the name or identity previously used by another person or institution.
>
> (2) The mark would be recognized as such, in that it points uniquely and unmistakably to that person or institution.
>
> (3) The person or institution identified in the mark is not connected with the goods that are sold or will be sold or services that are performed or will be performed by applicant under the mark.
>
> (4) The fame or reputation of the named person or institution is of such a nature that a connection with such person or institution would be presumed when applicant's mark is used on its goods and/or services.

*Piano Factory Grp., Inc. v. Schiedmayer Celesta GmbH*, 11 F.4th 1363, 1377, 2021 USPQ2d 913, at *11 (Fed. Cir. 2021) (citing *In re Jackson*, 103 USPQ2d 1417, 1419 (TTAB 2012)); *U.S. Olympic Comm. v. Tempting Brands Neth. B.V.*, 2021 USPQ2d 164, at *17-18 (TTAB 2021) (citing *Pierce-Arrow Soc'y v. Spintek Filtration, Inc.*, 2019 USPQ2d 471774, at *14 (TTAB 2019)); TMEP §1203.03(b)(i); *see also Univ. of Notre Dame du Lac v. J.C. Gourmet Food Imps. Co.*, 703 F.2d 1372, 1375-77, 217 USPQ 505, 508-10 (Fed. Cir. 1983) (providing foundational principles for four-factor test)).

To permit proper examination of the application, applicant must submit additional information about its relationship with the institution named in the mark. *See* 37 C.F.R. §2.61(b); TMEP §§814, 1203.03(b)(i). Due to the renown of this institution or person, and the fact that there is no information in the application record regarding a connection with applicant, applicant must specify whether the person or institution named in the mark has any connection with applicant's goods and/or services, and if so, must describe the nature and extent of that connection. *See* 37 C.F.R. §2.61(b); TMEP §1203.03(b)(i).

Applicant has a duty to respond directly and completely to this requirement for information. *See In re Ocean Tech., Inc.*, 2019 USPQ2d 450686, at *2 (TTAB 2019) (citing *In re AOP LLC*, 107 USPQ2d 1644, 1651 (TTAB 2013)); TMEP §814. Failure to comply with a requirement for information is an independent ground for refusing registration. *In re SICPA Holding SA*, 2021 USPQ2d 613, at *6 (TTAB 2021) (citing *In re Cheezwhse.com, Inc.*, 85 USPQ2d 1917, 1919 (TTAB 2008); *In re DTI*

*P'ship LLP*, 67 USPQ2d 1699, 1701-02 (TTAB 2003); TMEP §814).

Applicant should note the following additional ground for refusal.

## Section 2(d) Refusal—Likelihood of Confusion

Registration of the applied-for mark is refused because of a likelihood of confusion with the marks in the U.S. Registrations attached as EXHIBIT B. Trademark Act Section 2(d), 15 U.S.C. §1052(d); see TMEP §§1207.01 et seq.

Trademark Act Section 2(d) bars registration of an applied-for mark that is so similar to a registered mark that it is likely consumers would be confused, mistaken, or deceived as to the commercial source of the goods and/or services of the parties. *See* 15 U.S.C. §1052(d). Likelihood of confusion is determined on a case-by-case basis by applying the factors set forth in *In re E. I. du Pont de Nemours & Co.*, 476 F.2d 1357, 1361, 177 USPQ 563, 567 (C.C.P.A. 1973) (called the "*du Pont* factors"). *In re i.am.symbolic, llc*, 866 F.3d 1315, 1322, 123 USPQ2d 1744, 1747 (Fed. Cir. 2017). Any evidence of record related to those factors need be considered; however, "not all of the *DuPont* factors are relevant or of similar weight in every case." *In re Guild Mortg. Co.*, 912 F.3d 1376, 1379, 129 USPQ2d 1160, 1162 (Fed. Cir. 2019) (quoting *In re Dixie Rests., Inc.*, 105 F.3d 1405, 1406, 41 USPQ2d 1531, 1533 (Fed. Cir. 1997)).

Although not all *du Pont* factors may be relevant, there are generally two key considerations in any likelihood of confusion analysis: (1) the similarities between the compared marks and (2) the relatedness of the compared goods and/or services. *See In re i.am.symbolic, llc*, 866 F.3d at 1322, 123 USPQ2d at 1747 (quoting *Herbko Int'l, Inc. v. Kappa Books, Inc.*, 308 F.3d 1156, 1164-65, 64 USPQ2d 1375, 1380 (Fed. Cir. 2002)); *Federated Foods, Inc. v. Fort Howard Paper Co.*, 544 F.2d 1098, 1103, 192 USPQ 24, 29 (C.C.P.A. 1976) ("The fundamental inquiry mandated by [Section] 2(d) goes to the cumulative effect of differences in the essential characteristics of the goods [or services] and differences in the marks."); TMEP §1207.01.

Applicant applied to register PRADA for "Downloadable virtual goods, namely, computer programs featuring footwear, clothing, headwear, eyewear, handbags, laptop bags, backpacks, luggage, briefcases, art, toys, jewelry, watches, hair accessories, pet collars, accessories and charms for use in online virtual worlds" in Class 9, "Retail store services featuring virtual goods, namely, footwear, clothing, headwear, eyewear, handbags, laptop bags, backpacks, luggage, briefcases, art, toys, jewelry, watches, hair accessories, pet collars, accessories and charms for use in online virtual worlds" in Class 35, and "Entertainment services, namely, providing on-line, non-downloadable virtual footwear, clothing, headwear, eyewear, handbags, laptop bags, backpacks, luggage, briefcases, art, toys, jewelry, watches, hair accessories, pet collars, accessories and charms for use in virtual environments created for entertainment purposes" in Class 41.

The registered marks are PRADA-formative marks for a variety of real goods consistent with applicants virtual goods.

Comparison of the Marks

Marks are compared in their entireties for similarities in appearance, sound, connotation, and commercial impression. *Stone Lion Capital Partners, LP v. Lion Capital LLP*, 746 F.3d 1317, 1321, 110 USPQ2d 1157, 1160 (Fed. Cir. 2014) (quoting *Palm Bay Imps., Inc. v. Veuve Clicquot Ponsardin*

*Maison Fondee En 1772*, 396. F. 3d 1369, 1371, 73 USPQ2d 1689, 1691 (Fed. Cir. 2005)); TMEP §1207.01(b)-(b)(v). "Similarity in any one of these elements may be sufficient to find the marks confusingly similar." *In re Davia*, 110 USPQ2d 1810, 1812 (TTAB 2014) (citing *In re 1st USA Realty Prof'ls, Inc.*, 84 USPQ2d 1581, 1586 (TTAB 2007)); *In re White Swan Ltd.*, 8 USPQ2d 1534, 1535 (TTAB 1988)); TMEP §1207.01(b).

Applicant's mark is similar to the registered mark(s) because they all start with the wording PRADA.Consumers are generally more inclined to focus on the first word, prefix, or syllable in any trademark or service mark. *See Palm Bay Imps., Inc. v. Veuve Clicquot Ponsardin Maison Fondee En 1772*, 396 F.3d 1369, 1372, 73 USPQ2d 1689, 1692 (Fed. Cir. 2005) (finding similarity between VEUVE ROYALE and two VEUVE CLICQUOT marks in part because "VEUVE . . . remains a 'prominent feature' as the first word in the mark and the first word to appear on the label"); *Century 21 Real Estate Corp. v. Century Life of Am.*, 970 F.2d 874, 876, 23 USPQ2d 1698, 1700 (Fed Cir. 1992) (finding similarity between CENTURY 21 and CENTURY LIFE OF AMERICA in part because "consumers must first notice th[e] identical lead word"); *see also In re Detroit Athletic Co.*, 903 F.3d 1297, 1303, 128 USPQ2d 1047, 1049 (Fed. Cir. 2018) (finding "the identity of the marks' two initial words is particularly significant because consumers typically notice those words first").

Therefore, applicant's mark is very similar to the registered mark.

Comparison of the Goods and/or Services

The compared goods and/or services need not be identical or even competitive to find a likelihood of confusion. *See On-line Careline Inc. v. Am. Online Inc.*, 229 F.3d 1080, 1086, 56 USPQ2d 1471, 1475 (Fed. Cir. 2000); *Recot, Inc. v. Becton*, 214 F.3d 1322, 1329, 54 USPQ2d 1894, 1898 (Fed. Cir. 2000); TMEP §1207.01(a)(i). They need only be "related in some manner and/or if the circumstances surrounding their marketing are such that they could give rise to the mistaken belief that [the goods and/or services] emanate from the same source." *Coach Servs., Inc. v. Triumph Learning LLC*, 668 F.3d 1356, 1369, 101 USPQ2d 1713, 1722 (Fed. Cir. 2012) (quoting *7-Eleven Inc. v. Wechsler*, 83 USPQ2d 1715, 1724 (TTAB 2007)); TMEP §1207.01(a)(i).

Applicant's goods and/or services are related to the registered goods and/or services because applicant's goods are just virtual versions of the registered goods. The same providers of real fashion goods often provide virtual fashion goods, including the registrant. See the attached EXIBIT C from Input, Vogue Business, The New York Times, and The Verge.

Therefore, applicant's goods and/or services are highly related to the registered goods and/or services.

Conclusion

The overriding concern is not only to prevent buyer confusion as to the source of the goods and/or services, but to protect the registrant from adverse commercial impact due to use of a similar mark by a newcomer. *See In re Shell Oil Co.*, 992 F.2d 1204, 1208, 26 USPQ2d 1687, 1690 (Fed. Cir. 1993). Therefore, any doubt regarding a likelihood of confusion determination is resolved in favor of the registrant. TMEP §1207.01(d)(i); *see Hewlett-Packard Co. v. Packard Press, Inc.*, 281 F.3d 1261, 1265, 62 USPQ2d 1001, 1003 (Fed. Cir. 2002); *In re Hyper Shoppes (Ohio), Inc.*, 837 F.2d 463, 464-65, 6 USPQ2d 1025, 1026 (Fed. Cir. 1988).

Therefore, registration of the applied-for mark is refused because of a likelihood of confusion with the

mark in the attached U.S. Registrations. Trademark Act Section 2(d), 15 U.S.C. §1052(d); *see* TMEP §§1207.01 *et seq.*

**Prior-filed Pending Application**

The filing date of pending U.S. Application Serial No. 79334684 precedes applicant's filing date. See attached referenced application as EXHIBIT D. If the mark in the referenced application registers, applicant's mark may be refused registration under Trademark Act Section 2(d) because of a likelihood of confusion between the two marks. *See* 15 U.S.C. §1052(d); 37 C.F.R. §2.83; TMEP §§1208 *et seq.* Therefore, upon receipt of applicant's response to this Office action, action on this application may be suspended pending final disposition of the earlier-filed referenced application.

In response to this Office action, applicant may present arguments in support of registration by addressing the issue of the potential conflict between applicant's mark and the mark in the referenced application. Applicant's election not to submit arguments at this time in no way limits applicant's right to address this issue later if a refusal under Section 2(d) issues.

Although applicant's mark has been refused registration, applicant may respond to the refusals by submitting evidence and arguments in support of registration.

**Contacting the Examining Attorney**

If applicant has questions regarding this Office action, please telephone or e-mail the assigned trademark examining attorney. All relevant e-mail communications will be placed in the official application record; however, an e-mail communication will not be accepted as a response to this Office action and will not extend the deadline for filing a proper response. See 37 C.F.R. §§2.62(c), 2.191; TMEP §§304.01-.02, 709.04-.05. Further, although the trademark examining attorney may provide additional explanation pertaining to the refusal(s) and/or requirement(s) in this Office action, the trademark examining attorney may not provide legal advice or statements about applicant's rights. See TMEP §§705.02, 709.06.

**How to respond.**   **Click to file a response to this nonfinal Office action**.

/DETJr/
David Tooley
Trademark Examining Attorney
Law Office 125
(571) 272-8206
david.tooley@uspto.gov

**RESPONSE GUIDANCE**

- **Missing the response deadline to this letter will cause the application to abandon.** The response must be received by the USPTO before midnight **Eastern Time** of the last day of the response period. TEAS maintenance or unforeseen circumstances could affect an applicant's ability to timely respond.

- **Responses signed by an unauthorized party** are not accepted and can **cause the application to abandon**.  If applicant does not have an attorney, the response must be signed by the individual applicant, all joint applicants, or someone with legal authority to bind a juristic applicant. If applicant has an attorney, the response must be signed by the attorney.

- If needed, **find contact information for the supervisor** of the office or unit listed in the signature block.