# Exhibit 4

# Gehman, Lisa Bollinger

| | |
|---|---|
| **From:** | Warshavsky, Oren J. |
| **Sent:** | Tuesday, October 11, 2022 6:34 PM |
| **To:** | Rhett O. Millsaps II |
| **Cc:** | Ferguson, Gerald; Wilcox, Deborah; Gehman, Lisa Bollinger; Rebecca Tushnet; Mark McKenna; Christopher J. Sprigman |
| **Subject:** | RE: Hermès v. Rothschild - Defendant's Twitter |

Dear Rhett,

Thank you for the email.

Per our discussion earlier this afternoon, we believe that there were certain Twitter posts that were never provided. I pointed out the naming contest post. I disagree that we could have gone through more at Mr. Rothschild's deposition—we went over time, and Mr. Rothschild was reluctant to stay longer (in fairness it was quite late). That said, we take you at your work and assume Mr. Rothschild will continue to work in good faith if any issues arise with Twitter posts that we have pulled and were not produced.

We disagree on Mr. Rothschild's production. The texts and emails that were produced by the third parties that we used at depositions were clearly relevant and not merely cumulative. We only knew that they were not produced by Mr. Rothschild when they were produced by the third parties.

However, this does not require further disagreement here—we can work through issues if and/or when we go to trial.

Best wishes,

Oren

**Oren Warshavsky**
He | Him | His
Partner

**BakerHostetler**
45 Rockefeller Plaza
New York, NY 10111-0100
T +1.212.589.4624

owarshavsky@bakerlaw.com
bakerlaw.com



---

**From:** Rhett O. Millsaps II <rhett@lex-lumina.com>
**Sent:** Tuesday, October 11, 2022 3:36 PM
**To:** Warshavsky, Oren J. <owarshavsky@bakerlaw.com>
**Cc:** Ferguson, Gerald <gferguson@bakerlaw.com>; Wilcox, Deborah <DWilcox@bakerlaw.com>; Gehman, Lisa Bollinger <lgehman@bakerlaw.com>; Rebecca Tushnet <rtushnet@lex-lumina.com>; Mark McKenna <mark@lex-lumina.com>;

1

Christopher J. Sprigman <chris@lex-lumina.com>
**Subject:** Re: Hermès v. Rothschild - Defendant's Twitter

Dear Oren,

I wanted to circle back with you about your points below, even though we consider all of this to be water under the bridge now given that discovery closed in this case weeks ago.

To be clear, we have preserved Mr. Rothschild's entire Twitter account data (including any Tweets relevant to this case that are no longer publicly accessible). If there were Twitter posts that you wanted to authenticate with Mr. Rothschild, you of course could have done that at his deposition. Likewise, if there were relevant Twitter posts that you believed Mr. Rothschild should have produced in discovery but did not, then you could have raised that with us, and we would have worked with you in good faith to produce any such material.

Additionally, it is not surprising that third parties produced some documents and communications that were not duplicative of materials produced by Mr. Rothschild, particularly given the volume of materials produced in this case. As you undoubtedly know well, the Federal Rules do not require a party to produce "all relevant documents;" they require a reasonable search for responsive documents, which Mr. Rothschild conducted. Moreover, as you know, Mr. Rothschild made numerous objections to Plaintiffs' requests for production, including without limitation objections for overbreadth and undue burden. If Plaintiffs had issues with Mr. Rothschild's productions, there was ample opportunity to raise those during discovery, and we would have met and conferred with you in good faith to resolve them—or Plaintiffs could have filed a motion to compel if we could not amicably resolve any such issues.

Best,
Rhett


Rhett O. Millsaps II
Managing Member
LEX LUMINA PLLC
646.535.1137 (direct dial)

---

**From:** Warshavsky, Oren J. <owarshavsky@bakerlaw.com>
**Date:** Wednesday, October 5, 2022 at 10:20 PM
**To:** Rhett O. Millsaps II <rhett@lex-lumina.com>
**Cc:** Ferguson, Gerald <gferguson@bakerlaw.com>, Wilcox, Deborah <DWilcox@bakerlaw.com>, Gehman, Lisa Bollinger <lgehman@bakerlaw.com>, Rebecca Tushnet <rtushnet@lex-lumina.com>, Mark McKenna <mark@lex-lumina.com>, Christopher J. Sprigman <chris@lex-lumina.com>
**Subject:** Re: Hermès v. Rothschild - Defendant's Twitter

Dear Rhett,

Your email is largely non-responsive and appears to be written for someone else or some purpose other than cooperating. That's a shame.

To avoid any confusion and needlessly waste time, please note we disagree with all you have written and will not otherwise address anything that is non-responsive to our request concerning Mr. Rothschild's deleted documents.

Your indication that Mr. Rothschild's deletion of Twitter posts is consistent with his obligations under the Federal Rules is noted. We obviously disagree (otherwise I would not have written) but will understand that your client acted on

2

advice of and/or with approval of counsel and that you're unwilling to otherwise respond (at least with respect to the issues I've raised below).

To be clear, Mr. Rothschild most certainly did not produce all relevant documents, including his Twitter posts. To the contrary, as you well know, at each deposition you and I have attended together, I have introduced documents authored by Mr. Rothschild which were not produced by him. And while our team *could* have searched through Twitter and pulled Mr. Rothschild's posts, those are your client's records which are in his custody and control (an understanding confirmed by the deletion and your response below). Again, we apparently understand the obligations imposed by the Federal Rules differently.

Of course if we had pulled Twitter posts that had not been produced by Mr. Rothschild and seek to rely on them (or we seek to rely on a Twitter post produced by a third party), they now cannot be verified or authenticated without Mr. Rothschild's cooperation. Which was, perhaps, his motivation for undertaking that deletion, given that the documents that Mr. Rothschild failed to produce were, from our perspective, inculpatory.

We may raise this with the Court, as you anticipate. To avoid any chance of misunderstanding, we're happy to include your explanation below when we do if you'd like.

Best wishes,

Oren

**Oren Warshavsky**
**BakerHostetler**
+1 (212) 589-4624

On Oct 5, 2022, at 8:03 PM, Rhett O. Millsaps II <rhett@lex-lumina.com> wrote:

[External Email: Use caution when clicking on links or opening attachments.]

Dear Oren,

We well understand at this point that Hermès wants (and thinks it is entitled) to control our client's speech, but even in that light your email is a bit much. We collected and searched Mr. Rothschild's entire Twitter account and produced responsive documents in discovery. Hermès as well collected and produced Mr. Rothschild's Tweets, which were publicly available throughout discovery. Mr. Rothschild is under no obligation to keep his social media posts public forever. And if you believed that there was something that Mr. Rothschild should have produced that he did not, you had ample opportunity to raise that with us during discovery.

Your email further confirms what we have suspected for a while, which is that Hermès intends to use this legally meritless case to try to tarnish our client's character over trivial matters. We don't expect that the Court will look favorably on this strategy, and it will only be fuel for Mr. Rothschild's eventual fees motion and anti-SLAPP claim.

Best,
Rhett

Rhett O. Millsaps II

Managing Member
LEX LUMINA PLLC
745 Fifth Avenue
Suite 500
New York, NY  10151
rhett@lex-lumina.com

646 535 1137 (direct dial)
646 355 2816 (facsimile)

==
This message and any attached documents contain information from a law office that is confidential and may be privileged, attorney work product, or otherwise exempt from disclosure under applicable law. If you are not the intended recipient, you may not read, copy, distribute, or use this information. If you have received this message in error, please delete it and notify the sender immediately by separate e-mail. Thank you. May all beings everywhere be happy and free.

---

**From:** Warshavsky, Oren J. <owarshavsky@bakerlaw.com>
**Date:** Tuesday, October 4, 2022 at 10:44 AM
**To:** Rhett O. Millsaps II <rhett@lex-lumina.com>, Christopher J. Sprigman <chris@lex-lumina.com>
**Cc:** Ferguson, Gerald <gferguson@bakerlaw.com>, Wilcox, Deborah <DWilcox@bakerlaw.com>, Gehman, Lisa Bollinger <lgehman@bakerlaw.com>
**Subject:** Hermès v. Rothschild - Defendant's Twitter

Dear Rhett and Chris,

We just learned that Mr. Rothschild, days before summary judgment papers are due, has deleted most of his @masonrothschild Twitter history (829 Tweets to be precise; *see* attached and screenshot below).  Suddenly, we see only a handful of tweets on his Twitter feed (*see* attached).  Can you please explain this to us?  As you can understand, this is deeply troubling. As Hermès has noted throughout it believes that Mr. Rothschild has not been sufficiently forthcoming with evidence. I raised with you yesterday that in many instances, the correspondence and documents that should have been in Mr. Rothschild's possession and produced, were not. I recognize that you may disagree and do not wish to have the dispute now (so don't feel compelled to take time from running this down to reply to my characterization).

Attached here are two documents: (i) Rothschild's twitter feed, and (ii) the analytics of that feed. You can see that at the time of the analytics, at least 829 tweets were deleted. I use the term "at least" because it appears that the analytics may not be updated, since Mr. Rothschild's feed appears to have fewer than 20 tweets at this point, not the 679 listed below and in the attached.

Please get back to us at your earliest convenience with an explanation of what has happened and provide a list of all salient deleted tweets that in any way discussed Metabirkins, whether by name or in some other form.

4

&lt;image007.png&gt;

Thanks,

Oren

**Oren Warshavsky**
He | Him | His
Partner

&lt;image001.png&gt;
45 Rockefeller Plaza
New York, NY 10111-0100
T +1.212.589.4624

owarshavsky@bakerlaw.com
bakerlaw.com
&lt;image002.png&gt;
&lt;image003.png&gt;

This email is intended only for the use of the party to which it is
addressed and may contain information that is privileged,
confidential, or protected by law. If you are not the intended
recipient you are hereby notified that any dissemination, copying
or distribution of this email or its contents is strictly prohibited.
If you have received this message in error, please notify us immediately
by replying to the message and deleting it from your computer.

Any tax advice in this email is for information purposes only. The content
of this email is limited to the matters specifically addressed herein
and may not contain a full description of all relevant facts or a
complete analysis of all relevant issues or authorities.

Internet communications are not assured to be secure or clear of
inaccuracies as information could be intercepted, corrupted, lost,
destroyed, arrive late or incomplete, or contain viruses. Therefore,
we do not accept responsibility for any errors or omissions that are
present in this email, or any attachment, that have arisen as a result
of e-mail transmission.