UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| HERMÈS INTERNATIONAL and HERMÈS OF PARIS, INC., <br><br> Plaintiffs, <br><br> -against- <br><br> MASON ROTHSCHILD, <br><br> Defendant. | CIVIL ACTION NO. <br><br> 22-CV-00384 (JSR) |

### AMENDED DECLARATION OF LISA BOLLINGER GEHMAN

I, Lisa Bollinger Gehman, declare as follows:

I am an attorney associated with the firm of Baker & Hostetler LLP ("Baker"), attorneys for Plaintiffs Hermès International and Hermès of Paris, Inc. ("Hermès") in the above-captioned case. I submit this declaration in support of Hermès's Motion for Summary Judgment. I have firsthand knowledge of the matters stated herein.

1. Defendant Mason Rothschild ("Rothschild") made his first production on July 22, 2022. The majority of the 7,155-page production was produced in a manner incoherent to us. The production was sufficiently unintelligible that we were unsure what Rothschild intended to produce. We believed the production could be data created in connection with one or more of Rothschild's METABIRKINS social media accounts (i.e., Instagram, Twitter, and Discord). As an example, attached hereto as **Exhibit 1** is a document from Rothschild's first production Bates stamped Rothschild000011, as well as the garbled text version produced by Rothschild, with a slip-sheet stating, "Document Cannot be Rendered," Bates stamped Rothschild004300.

2. We raised this issue with Rothschild's counsel, requested the documents be

produced again, and asked whether Rothschild's counsel could view the documents that we could not. They stated the production was comprised, at least in part, of the "complete data set for the *MetaBirkins* Twitter and Instagram accounts." Rothschild's counsel further insisted the production complied with the Stipulated ESI Protocol (ECF No. 58) although Rothschild's counsel never indicated whether they could view the documents and they agreed to produce the data in a "different, more user-friendly format." Attached hereto as **Exhibit 2** is a true and correct copy of the email chain between counsel for Rothschild and counsel for Hermès, occurring between July 22 and July 27, 2022, bearing the subject line "Re: Hermès International et al. v. Rothschild (22-cv-00384); Rothschild First Production."

3.      Though the second production was meant to include "alternate Twitter and Instragram formats" Hermès was unable to identify any Twitter data in the second production. Attached hereto as **Exhibit 3** is a true and correct copy of an email chain between counsel for Rothschild and counsel for Hermès, occurring between July 29 and July 30, 2022, bearing the subject line "Re: Rothschild Document Production."

4.      Rather than going back to Rothschild, Hermès pieced together messages and used outside services for help interpreting the Twitter data from the first production. This included, for example, Hermès using a third-party website to correlate Twitter data to identify the account posting to Twitter, commenting on a Twitter post, and those sending and receiving direct messages over Twitter. (*see* Ex. 1.)

5.      Hermès has maintained throughout discovery and as recently as October 5, 2022 that Rothschild "did not produce all relevant documents, including his Twitter posts." Attached hereto as **Exhibit 4** is a true and correct copy of an email chain between counsel for Rothschild and counsel for Hermès, occurring between October 4 and October 11, 2022, bearing the subject

line "RE: Hermès v. Rothschild – Defendant's Twitter."

6. Until October 17, 2022, Hermès did not know that Rothschild attempted to produce what his counsel claims is "responsive direct messages from Discord only in a very limited format." Attached hereto as **Exhibit 5** is a true and correct copy of the email chain between counsel for Rothschild and counsel for Hermès, occurring between October 17 and October 21, 2022, bearing the subject line "Re: Hermes International et al. v. Rothschild, 22-cv-384-JSR; Discord messages."

7. In Rothschild's second "substantial production" of documents, made on July 30, 2022 (Ex. 2), 639 of the 1,476 documents were slip-sheets which contained the simple statement "Document cannot be viewed." 113 of the 639 documents, interspersed throughout the production, had viewable lines of text. Hermès now understands this to be the Discord data. It is unclear whether the non-viewable documents are also Discord data. Attached hereto as **Exhibit 6** is a true and correct copy of a compilation of: (i) a document Bates stamped Rothschild007488 followed by the screenshot of the associated text of Rothschild007488 viewable in the DISCO discovery platform, and (ii) the document Bates stamped Rothschild008010 followed by the screenshot of the associated text of Rothschild008010 viewable in the DISCO discovery platform. The associated text that was viewable in the DISCO discovery platform includes some of the same text Rothschild has now produced as Exhibit 2 to the October 19, 2022 Declaration of James Kerr (ECF No. 83) ("Kerr Decl.") (ECF No. 83-2) in support of his opposition to Hermès's motion for summary judgment.

8. The metadata for these documents was significantly limited. In fact, the metadata failed to identify Discord as the custodian of the data. It was unclear that there were lines of text associated with the slip-sheets. (*see* Ex. 6.) Worse still, such text was devoid of context,

including the author and recipient of the data, when the data was transmitted, how it was transmitting or on what platform the communication occurred. (*see id*.) Attached hereto as **Exhibit 7** is a true and correct copy of the metadata produced by Rothschild for documents included in Exhibit 6, Bates stamped Rothschild007488 and Rothschild008010.

9. Rothschild only just produced a five-line message he sent over Discord in support of his opposition to Hermès's motion for summary judgment. (Kerr Decl., Ex. 2 (ECF No. 83-2).) That exhibit contains the following lines of text:

> so good
> oh
> but metabirkin
> if i use birkin alone
> ima get c&d'd haha

(*See id.*) Rothschild now contends that the third line ("but metabirkin") was produced as text in connection with the document Bates stamped Rothschild007488. (Ex. 6.) Rothschild now contends that the fourth line ("if i use birkin alone") was produced as text in connection with the document Bates stamped Rothschild008010. (*Id.*) The fifth line ("ima get c&d'd haha") does not appear to have been produced.

10. There were no documents produced that gave Hermès context to this production of lines of text or the slip-sheets.

11. Rothschild's counsel notified Hermès's counsel that it discovered "technical limitations" with the Discord production during preparation of Rothschild's opposition to Hermès's motion for summary judgment, after discovery had closed. (Ex. 5.) Rothschild's counsel admitted that the metadata which they claimed was the key to understanding how to search for and potentially link lines of text was never produced to Hermès. Said metadata was produced for the first time on November 3, 2022.

4

**Additional Exhibits in Further Support of Hermès Motion for Summary Judgment**

12. Attached hereto as **Exhibit 8** is chart comparing on one hand excerpts from the September 1, 2022 expert report and September 23, 2022 deposition of Dr. Blake Gopnik and on the other hand excerpts from the October 21, 2022 declaration of Dr. Blake Gopnik, organized by topic.

13. Attached hereto as **Exhibit 9** is a true and correct copy of Exhibit 192 from the September 23, 2022 deposition of Dr. Blake Gopnik, a *Marketplace* article titled "NFTs have exploded into the art world. What does that mean for artists?" dated March 7, 2022, referenced in Exhibit 8.

14. Attached hereto as **Exhibit 10** is a true and correct copy of excerpts from the September 23, 2022 deposition of Dr. Blake Gopnik.

15. Attached hereto as **Exhibit 11** is a true and correct copy of excerpts from the August 4, 2022 deposition of Mason Rothschild.

16. Attached hereto as **Exhibit 12** is a true and correct copy of Defendant Mason Rothschild's Supplemental Responses and Objections to Plaintiffs' First Set of Interrogatories, dated August 10, 2022.

17. Attached hereto as **Exhibit 13** is a true and correct copy of excerpts from the August 10, 2022 deposition of Kenneth Loo.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: November 15, 2022　　　　　　　By: _____
　　　Philadelphia, Pennsylvania　　　　　　　　Lisa Bollinger Gehman