**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| HERMÈS INTERNATIONAL and HERMÈS OF PARIS, INC., <br><br> Plaintiffs, <br><br> v. <br><br> MASON ROTHSCHILD, <br><br> Defendant. | No. 22-cv-00384-JSR |

**MASON ROTHSCHILD'S MEMORANDUM OF LAW**
**IN SUPPORT OF HIS MOTIONS *IN LIMINE***

# TABLE OF CONTENTS

I. Motion *in Limine* No. 1 to Exclude Social Media Posts ....................................................1

II. Motion *in Limine* No. 2 to Exclude the Testimony of Boriana Guimberteau ...................5

III. Motion *in Limine* No. 3 to Exclude Post-Litigation Statement by Mr. Rothschild……...7

IV. Motion *in Limine* No. 4 to Exclude Certain Communications by Mr. Rothschild………8

# **TABLE OF AUTHORITIES**

**CASES**

*Bulman v. 2BKCO, Inc.*
    882 F. Supp. 2d 551 (S.D.N.Y. 2012) ................................................................................6

*Candy Craft Creations, LLC v. Gartner*
    No. CV 212-091, 2015 WL 7738069 (S.D. Ga. Dec. 1, 2015)............................................7

*Cf., Cameron v. City of New York*
    598 F.3d 50 (2d Cir. 2010) ..................................................................................................6

*Codename Enters., Inc. v. Fremantlemedia N. Am., Inc.*
    No. 16 Civ. 1267 (AT)(SN), 2018 WL 3407709 (S.D.N.Y. Jan. 12, 2018).........................4

*Doe v. Kamehameha Sch.*
    No. 09-00359 JMS-BMK, 2008 WL 5423191 (D. Haw. Dec. 31, 2008) ...........................3

*GoSMiLE, Inc. v. Dr. Jonathan Levine, D.M.D. P.C.*
    769 F. Supp. 2d 630 (S.D.N.Y. 2011) .................................................................................4

*Grubhub Inc. v. Kroger Co.*
    No. 1:21-cv-05312, 2022 WL 2774986 (N.D. Ill. May 25, 2022) ......................................4

*Horton v. Allen*
    370 F.3d 75 (1st Cir. 2004) .................................................................................................2

*JL Beverage Co., LLC v. Jim Beam Brands Co.*
    No. 13-17382, 2016 WL 3770484 (9th Cir. July 14, 2016) ................................................2

*Lang v. Ret. Living Pub. Co.*
    949 F.2d 576 (2d Cir. 1991) ............................................................................................4, 6

*LVL XIII Brands, Inc. v. Louis Vuitton Malletier S.A.*
    209 F. Supp. 3d 612 (S.D.N.Y. 2016) .................................................................................6

*Medici Classics Prods., LLC v. Medici Grp., LLC*
    683 F. Supp. 2d 304 (S.D.N.Y. 2010) .................................................................................4

*MGA Entm't v. Harris*
    No. 2:20-cv-11548-J VS (AGRx), 2022 WL 4596697 (C.D. Cal. July 29, 2022)..............1

*Nora Beverages, Inc. v. Perrier Grp., Inc.*
    269 F.3d 114 (2d Cir. 2001) ................................................................................................5

*Novak v. Tucows, Inc.*
    No. 06-CV-1909(JFB)(ARL), 2007 WL 922306 (E.D.N.Y. Mar. 26, 2007)......................1

*Packman v. Chicago Tribune Co.*
   267 F.3d 628 (7th Cir. 2001) ......................................................................................7

*Reply All Corp. v. Gimlet Media, Inc.*
   No. 15-CV-4950 (WFK)(PK), 2020 WL 13536220 (E.D.N.Y. Feb. 12, 2020) ..............4, 5

*Sandals Resorts Int'l Ltd. v. Google, Inc.*
   86 A.D.3d 32 (1st Dept. 2011) ...................................................................................3

*SolidFX, LLC v. Jeppesen Sanderson, Inc.*
   No. 11-cv-01468-WJM-BNB, 2014 WL 1319361 (D. Colo. Apr. 2, 2014) ........................3

*Sunenblick v. Harrell*
   895 F. Supp. 616 (S.D.N.Y. 1995) ..............................................................................4

*Two Hands IP LLC v. Two Hands Am., Inc.*
   563 F. Supp. 3d 290 (S.D.N.Y. 2021) .........................................................................4

*U.S. v. Jackson*
   208 F.3d 633 (7th Cir. 2000) ......................................................................................3

*U.S. v. Faust*
   850 F.2d 575 (9th Cir. 1988) ......................................................................................3

*W.W.W. Pharm. Co., Inc. v. Gillette Co.*
   808 F. Supp. 1013 (S.D.N.Y. 1992) ............................................................................4

**RULES**

Fed. R. Evid. 401 ................................................................................................5, 7, 8, 9

Fed. R. Evid. 402 ................................................................................................5, 7, 8, 9

Fed. R. Evid. 403 ................................................................................................5, 7, 8, 9

Fed. R. Evid. 802 ...........................................................................................................1, 5

Fed. R. Evid. 901 ..............................................................................................................5

Defendant Mason Rothschild hereby moves *in limine* to exclude the following evidence that Plaintiffs Hermès International and Hermès of Paris, Inc. (collectively, "Hermès") may offer at trial.

### I. Motion *in Limine* No. 1 to Exclude Social Media Posts

Mr. Rothschild moves *in limine* to exclude Hermès' proposed Exhibits 42, 99, and 100 (attached hereto as Exhibits A-C), either in their entirety or certain portions thereof, as well as any testimony concerning such excludable portions.

These proposed exhibits consist of select social media posts that include comments from unidentified third parties, which Hermès intends to offer as purported evidence of actual confusion regarding the source of Rothschild's *MetaBirkins* NFT artworks. *See*, *e.g.*, ECF No. 75 ¶¶ 130-151; ECF No. 77 at 13. These anonymous online comments should be excluded because they are inadmissible hearsay and are not otherwise evidence of actual confusion and, thus, not relevant to any issue to be tried in this case.

Exhibits A-C comprise or include out-of-court statements—made by unidentified third parties—that Hermès intends to offer as evidence that consumers were confused. Such statements are inadmissible hearsay, and subject to exclusion under Rule 802. *Novak v. Tucows, Inc.*, No. 06-CV-1909(JFB)(ARL), 2007 WL 922306, at *5 (E.D.N.Y. Mar. 26, 2007) ("Where postings from internet websites are not made by declarants testifying at trial and are offered to prove the truth of the matter asserted, such postings generally constitute hearsay"); *see also MGA Entm't v. Harris*, No. 2:20-cv-11548-J VS (AGRx), 2022 WL 4596697, at *4-5 (C.D. Cal. July 29, 2022) (excluding evidence of social media posts from summary judgment because the accompanying comments were out-of-court statements being offered for the truth of the matter asserted, *e.g.*, confusion between the two parties' dolls).

To the extent that Hermès would argue that the statements are submitted instead to show state of mind or a related exception, there is an insufficient foundation to show that these pseudonymous, brief statements actually represented then-present beliefs of the anonymous speakers *or* that they came from any relevant individuals—*i.e.*, purchasers or prospective purchasers. During discovery, Hermès subpoenaed multiple social media platforms and could have developed evidence about the identity of the posters and the circumstances under which they made the posts, but it did not. Hermès has not identified the authors of any of these social media accounts, let alone offered them as witnesses, therefore making the authors' identities, meaning, and intent unknown and unreliable.

While courts have admitted records of emails or phone calls made by customers to sellers under hearsay exceptions, no such treatment is warranted here, as none of the meaningful characteristics of those records are present. Specifically, the effort required to reach out to a seller by email or telephone and the content of those contemporaneous communications—requests for warranty assistance or other purchase-related inquiries—can provide sufficient confirmation that the speaker is an actual or likely consumer and that they actually held the relevant view at the time of the statement. *See, e.g.*, *JL Beverage Co., LLC v. Jim Beam Brands Co.*, No. 13-17382, 2016 WL 3770484, at *9 (9th Cir. July 14, 2016) (distinguishing other cases admitting evidence of consumer outreach because the hearsay in the instant case did not occur with customers that were "currently confused and seeking information about JL Beverage; rather, the individuals were reporting, after the fact, that they had mistaken two products."); *see also Horton v. Allen*, 370 F.3d 75, 85 (1st Cir. 2004) ("The premise for admitting hearsay statements evidencing state-of-mind is that such statements are reliable because of their spontaneity and [the] resulting probable sincerity.") (cleaned up).

No such contextual reassurances about identity or sincerity are available here, on a general social media platform. It is instead well-recognized that social media postings are routinely made by people who are assuming false identities, misleading, hyperbolic, unserious, and otherwise not credible even as a statement of the speaker's present beliefs. *See, e.g.*, *SolidFX, LLC v. Jeppesen Sanderson, Inc.*, No. 11-cv-01468-WJM-BNB, 2014 WL 1319361, at *5 (D. Colo. Apr. 2, 2014) ("Significantly, because the iTunes reviews are essentially anonymous online comments, they are inherently unreliable. […] Defendant has no way of testing who made the comments, the bases for these comments, or even verifying that the comments were not made by Plaintiff or its representatives. […] Moreover, the Court finds that the possibility that the jury may misuse the otherwise inadmissible evidence outweighs any need to admit the evidence to support the expert opinions."); *Doe v. Kamehameha Sch.*, No. 09-00359 JMS-BMK, 2008 WL 5423191, at *3-4 (D. Haw. Dec. 31, 2008) (noting that, under the veil of anonymity, internet users will "make outrageous, offensive, and even nonsensical statements" because "the public may never know their true identities"); *Sandals Resorts Int'l Ltd. v. Google, Inc.*, 86 A.D.3d 32, 43 (1st Dept. 2011) ("The culture of Internet communications, as distinct from that of print media such as newspapers and magazines, has been characterized as encouraging a "freewheeling, anything-goes writing style" …").

The lack of opportunity for cross-examination attendant to the admission of pseudonymous internet posts means that there will be no opportunity to delve into or clarify the sincerity and meaning of such offhand comments. *See U.S. v. Jackson*, 208 F.3d 633, 638 (7th Cir. 2000) (web postings inadmissible if source of information or method or circumstances of preparation indicates a lack of trustworthiness); *U.S. v. Faust*, 850 F.2d 575, 586 (9th Cir. 1988) ("The theory behind [the present sense impression, excited utterance, and state of mind]

exceptions is that the greater the circumstances for misrepresentation, the less reliable is the declaration.") (cleaned up).

Further, even if these social media posts were not inadmissible hearsay (which they are), they do not show or suggest that Mr. Rothschild's use of Hermès' mark "could inflict commercial injury in the form of either a diversion of sales, damage to goodwill, or loss of control over reputation." *Lang v. Ret. Living Pub. Co.*, 949 F.2d 576, 583 (2d Cir. 1991). "The trademark laws do not protect against 'confusion generally,' but 'only against mistaken purchasing decisions.'" *Codename Enters., Inc. v. Fremantlemedia N. Am., Inc.*, No. 16 Civ. 1267 (AT)(SN), 2018 WL 3407709, at *9 (S.D.N.Y. Jan. 12, 2018); *Sunenblick v. Harrell*, 895 F. Supp. 616, 631 (S.D.N.Y. 1995) (finding that the fact that no consumers "were finally deceived as to a purchasing decision further buttresses the fact that the initial confusion of a retailer does not support a finding of actual confusion"). Evidence of actual confusion must "involve purchasers or prospective purchasers." *Lang*, 949 F.2d at 583 (declining to consider misdirected phone calls as evidence of actual confusion where the plaintiff had "not shown that these misdirected callers were prospective purchasers" of her products).[1] There is no indication that these social media posts were created by actual or potential customers of either Mr.

---

[1] Numerous courts have reasoned similarly. *See Medici Classics Prods., LLC v. Medici Grp., LLC*, 683 F. Supp. 2d 304, 312-13 (S.D.N.Y. 2010) (inquiries and media misattribution not probative of likely consumer confusion); *Two Hands IP LLC v. Two Hands Am., Inc.*, 563 F. Supp. 3d 290, 306-07 (S.D.N.Y. 2021) (inquiries and mistaken social "tagging" of plaintiff not probative of consumer confusion); *Reply All Corp. v. Gimlet Media, Inc.*, No. 15-CV-4950 (WFK)(PK), 2020 WL 13536220, at *6 (E.D.N.Y. Feb. 12, 2020) ("Misdirected social media posts and unsolicited emails praising Defendant's podcast are evidence of general confusion and not mistaken purchasing decisions, damage to goodwill, or loss of control of reputation."); *GoSMiLE, Inc. v. Dr. Jonathan Levine, D.M.D. P.C.*, 769 F. Supp. 2d 630, 644-45 (S.D.N.Y. 2011) (statements from non-purchasers not probative); *W.W.W. Pharm. Co., Inc. v. Gillette Co.*, 808 F. Supp. 1013, 1020-21 (S.D.N.Y. 1992) (same); *Grubhub Inc. v. Kroger Co.*, No. 1:21-cv-05312, 2022 WL 2774986, at *5 (N.D. Ill. May 25, 2022) (anonymous social media posts not evidence of actual confusion).

Rothschild or Hermès. This lack of relevance to the issue of likely consumer confusion makes the potential for misleading the jury even greater.

For the same reasons, social media posts or other communications that purportedly reflect inquiries about a relationship between *MetaBirkins* and Hermès are not evidence of confusion; they are wholly irrelevant to the issues to be tried. *Nora Beverages, Inc. v. Perrier Grp., Inc.*, 269 F.3d 114, 124 (2d Cir. 2001) ("[i]nquiries about the relationship between an owner of a mark and an alleged infringer do not amount to actual confusion. Indeed, such inquiries are arguably premised upon a lack of confusion between the products such as to inspire the inquiry itself."); *Reply All Corp. v. Gimlet Media, LLC*, 843 Fed. Appx. 392, 398 (2d Cir. 2021) (same as *Nora*).

For the foregoing reasons, Hermès should be precluded from introducing or relying upon any comments to social media posts as evidence of actual confusion, including but not limited to Exhibits 42, 99, and 100 (attached hereto as Exhibits A-C). Such posts are not relevant to the issues to be tried, would only confuse the issues and mislead the jury, constitute hearsay, and lack foundation. *See* Fed. R. Evid. 401-403, 802, and 901.

**II.     Motion *in Limine* No. 2 to Exclude the Testimony of Boriana Guimberteau**

Mr. Rothschild moves *in limine* to preclude Hermès from calling Boriana Guimberteau as a witness at trial or using her deposition testimony in any way, as her testimony is not relevant to any issue to be tried in this case and otherwise is likely to confuse, mislead, or unduly prejudice the jury.

Ms. Guimberteau is a French lawyer whose testimony Hermès intends to offer as evidence of actual confusion. But Ms. Guimberteau is not a relevant consumer of *MetaBirkins* NFT artworks, and her testimony is therefore not probative of any legally relevant confusion. Her testimony relates to her work as a lawyer who works with fashion brands communicating

5

with other French lawyers. *See* Exhibit D attached hereto (B. Guimberteau Dep. (Sept. 14, 2022) transcript excerpts) at 19:16-20:3, 6:18-8:3, 10:13-23 (explaining that Ms. Guimberteau and her firm represent luxury fashion brands, and that she became aware of Mr. Rothschild's *Baby Birkin* and *MetaBirkins* NFT art projects in researching her presentation to "the French group of the AIPPI, an association specialized in intellectual property"). She bears no relationship to potential or actual *MetaBirkins* consumers and therefore is not probative of likely confusion. *See, e.g.*, *LVL XIII Brands, Inc. v. Louis Vuitton Malletier S.A.*, 209 F. Supp. 3d 612, 672 (S.D.N.Y. 2016) ("inquiries by fashion industry professionals as to whether LVL XIII had collaborated with LV" were not probative of confusion; noting that people with a "pre-established personal or business relationship" with either of the parties were "not representative of the typical consumer"); *Bulman v. 2BKCO, Inc.*, 882 F. Supp. 2d 551, 562 (S.D.N.Y. 2012) ("courts must focus on whether prospective purchaser[s]—and not other industry members or general members of the public—are likely to be deceived").

Moreover, Ms. Guimberteau's purported "confusion" is based on her naked assumption that Hermès must give permission for anyone to make pictures depicting a Birkin bag. *See* Ex. D at 10:24-11:7 (explaining that her mistaken belief that *MetaBirkins* was connected to Hermès was because, "as it was related to Hermès, it was necessarily with Hermès' agreement"); 28:24-29:12 (explaining that the basis for her mistaken belief was because it was related to Hermès in that it "has the trademark Birkin and the shape of the product"). Whether or not this is an accurate reflection of French law, it does not shed any light on the relevant factual questions under the Lanham Act or New York law. *Cf., Cameron v. City of New York*, 598 F.3d 50, 62 n.5 (2d Cir. 2010) ("the impropriety of allowing a lay witness to testify in the form of a legal conclusion is all the clearer.").

Ms. Guimberteau's testimony would be irrelevant even if she were a random lay person, for many of the reasons the social media commenters are irrelevant. *See, e.g.*, *Lang*, 949 F.2d at 583; *Packman v. Chicago Tribune Co.*, 267 F.3d 628, 645 (7th Cir. 2001) (district court correctly rejected nonpurchaser confusion evidence as "irrelevant" and "not probative of, or 'material' to, the issue of actual confusion"). But she also poses a unique risk of prejudice because she is a lawyer—one who represents luxury fashion brands (*see* Ex. D at 19:16-20:3), and claims to be knowledgeable about NFTs (*see id.* at 20:19-21:15)—and is therefore likely to be improperly perceived as a quasi-expert or, at the very least, a witness whose testimony is to be accorded greater weight.[2] Her testimony is more prejudicial than probative and thus should be excluded under Federal Rules of Evidence 401-403, as it is not relevant to the issues to be tried and would only confuse the issues and mislead the jury.

### III. Motion *in Limine* No. 3 to Exclude Post-Litigation Statement by Mr. Rothschild

Mr. Rothschild moves *in limine* to exclude a certain statement that Mr. Rothschild made in private communications to his friends and associates about his lawyers in this case contained in Hermès' proposed Exhibit 288 (attached hereto as Exhibit E), as well as any testimony concerning or reference to such statement.

In private, post-lawsuit communications, . Evidence relating to this Statement, , is irrelevant to the issues to be tried in this case, highly prejudicial, and only likely to distract or confuse the

---

[2] Ms. Guimberteau herself testified at her deposition that she is not knowledgeable about U.S. law (*see* Ex. D at 22:17-21, 27:12-28:7), and therefore could not opine on U.S. legal questions even if she were to be given the chance.

7

jury. Such evidence, as well as any testimony concerning such evidence, should be excluded under Federal Rules of Evidence 401-403.

In another trademark case, *Candy Craft Creations, LLC v. Gartner*, No. CV 212-091, 2015 WL 7738069 (S.D. Ga. Dec. 1, 2015), defendants concededly engaged in discovery misconduct, which plaintiffs sought to introduce to the jury. As the court there concluded, post-lawsuit conduct such as withholding documents "is not admissible to prove Defendants' state of mind as it relates to Plaintiff's trademark infringement claims." *Id.* at *1. Such evidence was "minimally probative" of defendants' knowledge and intent during the relevant time period (*id.*), and its slight probative value was outweighed by the high likelihood that its admission would "confuse the issues, mislead the jurors, and unduly prejudice Defendants." *Id.* at *2. The same is true here. Accordingly, the Court should exclude the Statement contained in Hermès' proposed Exhibit 288 (Ex. E), any related testimony, and any references thereto.

**IV.    Motion *in Limine* No. 4 to Exclude Certain Communications by Mr. Rothschild**

Mr. Rothschild moves *in limine* to exclude Hermès' proposed Exhibit 285, (attached hereto as Exhibit F) as well as any testimony concerning this exhibit.

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

The messages exchanged in Exhibit F have no relevance or probative value to any issue to be tried—rather, they reflect Mr. Rothschild's layman's view, after Hermès had filed its complaint in this action, ███████████████████████████████████████. They also may reflect—although it is not clear from the exchange—Mr. Rothschild's layman's view

██████████████████████████████████████████

Hermès' only purpose in seeking to introduce Exhibit F would be to smear Mr. Rothchild's character in general. These communications have no relevance to any of the issues to be tried at this stage of the case, and allowing these communications or testimony related to them to be admitted as evidence would be highly prejudicial and serve only to distract or confuse the jury. Accordingly, the Court should exclude Hermès' proposed Exhibit 285 (Ex. F), any related testimony, and any references thereto under Federal Rules of Evidence 401-403.

Dated: January 13, 2023

    Respectfully Submitted,

/s/ *Rhett O. Millsaps II*
Rhett O. Millsaps II
Rebecca Tushnet
Mark P. McKenna (*pro hac vice*)
Christopher J. Sprigman
LEX LUMINA PLLC
745 Fifth Avenue, Suite 500
New York, NY 10151
(646) 898-2055
rhett@lex-lumina.com

Jonathan Harris
Adam Oppenheim
HARRIS ST. LAURENT & WECHSLER LLP
40 Wall Street, 53rd Floor
New York, NY 10005
jon@hs-law.com
(212) 397-3370

*Attorneys for Defendant Mason Rothschild*

CERTIFICATE OF SERVICE

I hereby certify that, on January 13, 2023, a copy of the foregoing Mason Rothschild's Memorandum of Law in Support of His Motions *in Limine* was served upon Plaintiffs by sending a copy of the same by email to counsel for Plaintiffs, as follows:

Gerald Ferguson (gferguson@bakerlaw.com)
Oren Warshavsky (owarshavsky@bakerlaw.com)
Deborah Wilcox (dwilcox@bakerlaw.com)
Lisa Bollinger Gehman (lgehman@bakerlaw.com)

/s/ *Rhett O. Millsaps II*
Rhett O. Millsaps II