# EXHIBIT C

Page 1

1  IN THE UNITED STATES DISTRICT COURT
2  SOUTHERN DISTRICT OF NEW YORK
3  ------------------------------------X
4  HERMES INTERNATIONAL and
5  HERMES OF PARIS, INC.,
6                Plaintiffs,
7          - against -
8  MASON ROTHSCHILD,
9                Defendant.
10 Civil Action No.:  22-CV-00384
11 ------------------------------------X
12
13
14              REMOTE PROCEEDINGS
15              DAVID NEAL, PhD
16        WEDNESDAY, SEPTEMBER 21, 2022
17                4:45 P.M.
18
19
20
21
22
23 Reference No.: NY 5462232
24 Reported By:  Rita Persichetty
25

Page 2

```
 1   A P P E A R A N C E S:
 2   (All appearances via Veritext Virtual)
 3
 4   BAKER & HOSTETLER LLP
 5   Attorneys for Plaintiffs
 6        Key Tower
 7        127 Public Square, Suite 2000
 8        Cleveland, Ohio 44114
 9   BY:  DEBORAH WILCOX, ESQ.
10           - and -
11        LISA BOLLINGER GEHMAN, ESQ.
12        PHONE:  216.621.0200
13        EMAIL:  dwilcox@bakerlaw.com
14
15
16   LEX LUMINA PLLC
17   Attorneys for Defendant
18        745 Fifth Avenue, Suite 500
19        New York, New York 10151
20   BY:  RHETT O. MILLSAPS II, ESQ.
21           - AND -
22        CHRISTOPHER J. SPRIGMAN, ESQ.
23        PHONE:  646.898.2055
24        EMAIL:  rhett@lex-lumina.com
25
```

Page 109

1  identified any goods put out by the plaintiff,
2  all they've done is playback the name Hermes and
3  the name MetaBirkins.
4      Q.   Although in Q7 they say Hermes, in Q4
5  they say Hermes.
6      A.   Correct.  But where -- where do they
7  identify any goods put out by the plaintiff?
8      Q.   Well, Q7 the question is:  What other
9  company, person or brand do you believe
10 sponsors, authorizes or approves whoever makes
11 or provides the items shown on the web page?
12     A.   Yes.
13     Q.   And so when the person answers Hermes
14 there in respondent 108, that's not sufficient
15 to be coded as confused?
16     A.   No, for the -- for the reason that
17 I've been explaining, because in these
18 circumstances, like the original Eveready, it's
19 not enough to just read back the senior user's
20 name because that actually was affirmatively put
21 in front of the respondent, right.  It wasn't --
22 because the junior user and the senior user are
23 using the same name, you've essentially shown
24 them the senior user's name, you -- not
25 essentially you have, therefore, you -- you need

Page 110

1  additional evidence that comes in the form of Q4
2  that the person is affirmatively thinking of
3  Hermes.  And the way you know that is that they
4  mention at least some goods or services put out
5  by the senior user.  Person 108 has not done
6  that.
7       Q.   Is it your opinion that if a
8  respondent used the term "MetaBirkins" that that
9  shows no confusion?
10      A.   Well, it's not -- it doesn't -- it's
11 not a good -- MetaBirkin, as I understand it, is
12 not a good put out by Hermes.  You can correct
13 me if I'm wrong about that, but that's my
14 understanding.
15      Q.   That, of course, is one of the
16 questions in the case is whether people are
17 confused when they see MetaBirkins.
18           So are you -- you give it -- if you
19 recall, Dr. Isaacson scores MetaBirkins as not
20 the same as someone answering Birkin, but he
21 still gives them a code that counts towards some
22 level of confusion, and you're saying that
23 should be given absolutely no weight?
24           MR. MILLSAPS:  Objection.
25      A.   I think if someone just repeated

Page 111

1  MetaBirkins and said nothing else related to
2  Hermes, that would not be -- even setting aside
3  this issue of the other products, that would not
4  be sufficient evidence that the person was
5  confused and thinking of Hermes.
6       Q.   Have you seen any court require this
7  follow-on question that you are describing in
8  this section of your report?
9       A.   Well, depends on what you mean by
10 require.  I -- I mean the original Eveready
11 survey, which I think was -- I think the
12 plaintiff lost that at the district level and
13 then the circuit court, if memory serves,
14 overturned that and affirmed the survey.  So
15 that obviously is -- is one.
16           I -- I am not aware, although I
17 wouldn't be because I don't track these legal
18 dimensions of things, I would not necessarily be
19 aware of a court rejecting this one way or the
20 other.  You know, rejecting someone who failed
21 to do this.  I don't know that, but I haven't
22 investigated that, I haven't researched that.
23           I know that whenever I encounter this
24 issue, including with, you know, very prominent
25 law firms who run a lot of surveys like this,