**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

HERMÈS INTERNATIONAL and
HERMÈS OF PARIS, INC.,

                    Plaintiffs,

          -against-

MASON ROTHSCHILD,

                    Defendant.

CIVIL ACTION NO.

22-CV-00384 (JSR)

## PLAINTIFFS' PROPOSED PRELIMINARY INSTRUCTION

**BAKER & HOSTETLER LLP**

Gerald J. Ferguson, Esq.
Oren J. Warshavsky, Esq.
Jason S. Oliver, Esq.
Jessica H. Fernandez, Esq.
Francesca A. Rogo, Esq.
45 Rockefeller Plaza, 14th Floor
New York, NY 10111
Telephone:   212.589.4200
Facsimile:    212.589.4201

Deborah A. Wilcox, Esq. (*pro hac vice*)
Key Tower
127 Public Square
Cleveland, OH 44114
Telephone:   216.621.0200

Lisa Bollinger Gehman, Esq. (*pro hac vice*)
1735 Market Street
Philadelphia, PA 19103
Telephone:   215.568.3100

Hermès owns registered trademark rights in the HERMÈS Mark, BIRKIN Mark, and the BIRKIN Trade Dress for handbags. Hermès asserts claims for trademark infringement, unfair competition, trademark dilution, and cybersquatting against Rothschild for his creation, marketing, advertising, and sales of the METABIRKINS NFTs.

First, Hermès asserts that Rothschild is liable for infringement and unfair competition under federal and state law because his uses of Hermès's rights in the BIRKIN trademark in connection with his METABIRKINS NFTs are likely to cause confusion among ordinary consumers by creating the false impression that the METABIRKINS NFTs are created by Hermès, or are associated or connected with Hermès, or have Hermès's sponsorship, endorsement, or approval. In evaluating the likelihood of confusion, you will assess evidence on eight factors, including: the strength of Hermès's marks, the similarity of the METABIRKINS mark, the competitive proximity of the parties' products, the likelihood that Hermès will "bridge the gap" by moving into the NFT market with its BIRKIN Mark, actual confusion, sophistication of purchasers, and Rothschild's bad faith.

Hermès separately asserts that Rothschild is liable for trademark dilution under federal and state law. Dilution does not require Hermès to show likely confusion. Anti-dilution laws provide protection for famous or distinctive marks against associations arising from the use of similar marks that are likely to diminish or "dilute" the distinctiveness of a famous mark. In addition to assessing the strength of the BIRKIN Mark, you will assess evidence concerning whether Rothschild's creation, marketing, advertising, and sales of the METABIRKINS NFTs is likely to create associations in the minds of consumers that dilute the distinctiveness of the BIRKIN Mark.

Hermès further asserts that Rothschild is liable for cybersquatting under federal law.

Hermès is seeking Rothschild's profits on the METABIRKINS NFTs and money damages for cybersquatting.

Dated: January 25, 2023
New York, New York

**BAKER & HOSTETLER LLP**

Deborah A. Wilcox, Esq. (*pro hac vice*)
Key Tower
127 Public Square
Cleveland, OH 44114
Telephone:  216.621.0200

**BAKER & HOSTETLER LLP**

Lisa Bollinger Gehman, Esq. (*pro hac vice*)
1735 Market Street
Philadelphia, PA 19103
Telephone:  215.568.3100

**BAKER & HOSTETLER LLP**

By:   /s/ *Gerald J. Ferguson*
Gerald J. Ferguson, Esq.
Oren J. Warshavsky, Esq.
Jason S. Oliver, Esq.
Jessica H. Fernandez, Esq.
Francesca A. Rogo, Esq.
45 Rockefeller Plaza, 14th Floor
New York, NY 10111
Telephone:  212.589.4200
Facsimile:  212.589.4201

*Attorneys for Plaintiffs*
*Hermès International and*
*Hermès of Paris, Inc.*