# Exhibit 37

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

HERMÈS INTERNATIONAL, et al.,

              Plaintiffs,

         v.                            22 Civ. 384 (JSR)

MASON ROTHSCHILD,

              Defendant.               Trial
------------------------------x
                                       New York, N.Y.
                                       February 6, 2023
                                       9:30 a.m.
Before:

                  HON. JED S. RAKOFF,

                                       District Judge
                                         -and a Jury-


                      APPEARANCES

BAKER & HOSTETLER LLP
     Attorneys for Plaintiffs
BY:  DEBORAH A. WILCOX
     OREN J. WARSHAVSKY
     GERALD J. FERGUSON

HARRIS ST. LAURENT & WECHSLER LLP
     Attorneys for Defendant
BY:  ADAM B. OPPENHEIM
     JONATHAN A. HARRIS

LEX LUMINA PLLC
     Attorneys for Defendant
BY:  RHETT O. MILLSAPS, II
     CHRISTOPHER SPRIGMAN
```

1  people.  You know, if he'd done that, then he's done a very,
2  very bad job.
3         I think at the end of the day, your Honor, all this
4  evidence points in the same direction.  It points toward you
5  granting a JMOL on all these claims.  Thank you.
6         THE COURT:  Well, I am second to none in my admiration
7  for the eloquence of counsel for both sides.
8         I purposely held off ruling on this motion till I
9  heard summations from both sides, because, as I expected, that
10 was the occasion for counsel to draw my attention, as well as
11 the jury's, to specific items of evidence in this case.  And
12 it's very important because the First Amendment issue in this
13 case came down, as I've already indicated earlier today, to a
14 question of the defendant's intent.  I say that because
15 recognizing the importance of the First Amendment issue in this
16 case, I made determinations in defendant's favor that might
17 arguably have been avoided.
18         For example, even though I think there is a
19 nonfrivolous argument that the defendant was not making use of
20 the MetaBirkins -- excuse me, of the Birkins mark or the
21 Birkins design for artistic purposes and, therefore, would not
22 satisfy the first prong of the *Rogers* test, I concluded in the
23 end that there was at least an element of artistry involved
24 from the outset and so instructed the jury.
25         Similarly, even though I think there is an argument

1  that the use of the term "MetaBirkins" in the website and
2  throughout was explicitly misleading on its face and,
3  therefore, would satisfy the other prong of *Rogers*, I concluded
4  in the end that that was not a question that should go to the
5  jury in those terms because of the breadth that must be given
6  to artistic expression and constitutionally protected rights
7  under the First Amendment.
8      But I think now defense counsel goes too far in
9  suggesting that no rational juror could find for plaintiff.  In
10 the end, I found that Mr. Rothschild would be entitled to his
11 First Amendment protection unless plaintiff could prove that
12 his intent was to deceive the persons to whom he was
13 advertising his product and make them believe that it was an
14 Hermès product.  And if he did that, as I have already
15 indicated, and I think implicitly both counsel have agreed,
16 then he forfeited the First Amendment protection to which he
17 otherwise might be entitled.
18     Notwithstanding the excellent arguments just made by
19 defense counsel, I think there is ample evidence from which a
20 jury could conclude that Mr. Rothschild is a classic conman;
21 it's just that he's not yet gotten good enough to avoid, for
22 example, revealing what's really in his heart in emails that he
23 believes are private at the time.  But, nevertheless, there is
24 ample evidence from which a rational juror could, if they wish
25 — and there's certainly contrary evidence as well — conclude

1  that he set out or very early came to the conclusion that he
2  could fool people into believing that his product and his site
3  and his NFTs were sponsored by Hermès.  And at that point, if
4  the jury were to so conclude, that's the end of what remains of
5  the First Amendment argument, notwithstanding the many respects
6  in which I have leaned over in favor of that argument as
7  reflected in my charge.
8        I think as to the elements of confusion and so forth,
9  it's not even a close question.  There is plenty of evidence on
10 both sides, and the jury will have to make the classic jury
11 analysis through a multifactor test.  The very nature of these
12 multifactor tests in the various substantive counts illustrates
13 how it is the intention of the courts to leave these matters
14 largely to the collective wisdom of a jury.
15        When you have seven, eight *Polaroid* factors and the
16 jury is instructed, as the law requires, that, number one, they
17 can weigh them as ever they choose; number two, none of them is
18 dispositive; number three, they can also take into account any
19 other factor they find relevant, that is the kind of law that
20 says, We the people of the United States believe in our jury
21 system and we're leaving that balancing to the voice of a
22 community as reflected in citizens good and true who come here
23 and serve on juries.  And I think that's equally true of every
24 issue in this case.
25        The three substantive counts are all multifactor

1    tests.  The First Amendment, even after my rulings in favor of
2    the defense on so many aspects of the *Rogers* test, still leaves
3    open the question, which is a classic jury question:  What was
4    really in the heart and mind of this defendant?  And the laws
5    of the United States in 100 different situations leaves that
6    question to jurors.
7              I do think — and I'm not sure the Supreme Court is
8    going to agree — in the *Jack Daniels* case that there are very
9    important First Amendment protections here that must be
10   safeguarded.  And that is because not just the letter of the
11   First Amendment, but the spirit of the First Amendment.
12   Artists in so many respects are commentators on our society and
13   that has been part of their historic role.  That's not the only
14   role they play.  There are portrait artists who have a
15   different aspect and they are equally artists.
16             But it is critical that we leave room for social
17   commentary, whether it comes verbally or in the form of art,
18   and make sure that is not easily defeated.  But none of that
19   applies to a swindler, a fraudster who makes one pretense or
20   another, but reveals in his emails and his behavior what is
21   really in his heart, which is to cheat people.  And I think the
22   jury here could find either possibility, but certainly could
23   find that Mr. Rothschild fit that pattern.
24             So the motion, the Rule 50 motion of the defense and
25   also, while I'm at it, the Rule 50 motion of the plaintiff, is