# EXHIBIT D

JUDGE HELLERSTEIN

11 CV 0580

Andrew Baum (AB-3783)
FOLEY & LARDNER LLP
90 Park Avenue
New York, New York 10016
Tel: (212) 338-3527
Fax: (212) 687-2329

*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



| | |
|---|---|
| HERMÈS INTERNATIONAL, a French corporation, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) CIVIL ACTION NO. |
| THURSDAY FRIDAY INC., a California corporation, | )<br>)<br>) |
| Defendant. | )<br>)<br>) |

## COMPLAINT

Plaintiff Hermès International ("Hermès" or "Plaintiff"), for its Complaint against Thursday Friday Inc. ("Defendant"), states as follows.

### INTRODUCTION

1. Hermès created, manufactures and sells the iconic "Birkin" handbag. Through enormous sales, publicity and media attention, the appearance of the Birkin Bag has become immediately recognizable to millions of women. Defendant is selling cotton tote bags which bear, on each of their surfaces, a color photograph of the corresponding surfaces of what appears to be a Birkin Bag. Defendant is simply riding on the reputation and recognition of the Birkin

NYC_1079178.1

Bag to sell its otherwise generic tote bags. In so doing, Defendant is creating confusion among the public and is putting Plaintiff's reputation at risk.

2. This is an action under federal and state law for trademark infringement, false designation of origin, unfair competition and dilution by tarnishment. Hermès seeks injunctive relief, damages, statutory treble damages, costs, an accounting of profits, and attorneys' fees based on Defendant's intentional infringement and related misconduct. Hermès brings these claims pursuant to 15 U.S.C. §§ 1125(a) and 1125(c), the common law of the State of New York, and N.Y. Gen. Bus. Law § 360-1.

## PARTIES

3. Hermès is a French corporation having its principal place of business at 24, rue du Faubourg, St. Honore 75008 Paris, France. Hermès does business in the United States through its wholly-owned subsidiary Hermès of Paris, Inc., a New York corporation having its principal office at 55 East 59th Street, New York, New York 10022.

4. Upon information and belief, Thursday Friday Inc. is a California corporation having its principal place of business at 2672 S. La Cienega Blvd., Los Angeles, California 90034, and is doing business on a systematic and regular basis within the State of New York through its interactive website located at www.thufri.com.

## JURISDICTION AND VENUE

5. This Court has original jurisdiction over this action pursuant to 15 U.S.C. § 1121. This court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338, as questions of federal law have been presented under 15 U.S.C. § 1125(a). This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

6. This Court has *in personam* jurisdiction over Defendant pursuant to N.Y.C.P.L.R. §§ 302(a)(1) and (2) in that, upon information and belief, Defendant, by itself or through its agents, regularly solicits, transacts, and engages in business in New York, and has committed tortuous acts in New York, including this jurisdiction.

7. Venue is appropriate in this Court over Defendant pursuant to 28 U.S.C. § 1391(b) because it is a corporation over whom this Court has personal jurisdiction, and therefore resides here, and because a substantial part of the claims arose in this district.

## FACTS COMMON TO ALL COUNTS

### Plaintiff and the Birkin Bag

8. Continuously since long prior to the acts of Defendant alleged herein, Plaintiff has been renowned throughout the world and in the United States for its high quality goods and services in the fields of leather goods, wearing apparel, fragrances, fashion accessories and home furnishings.

9. Plaintiff's original business was the production of elegant, custom made, high quality harnesses for horses. During the nineteenth century, Plaintiff's harness business expanded to saddlery and other related horseback riding equipment. During the twentieth century, Plaintiff expanded its business further to include hand made handbags, personal leather goods, and wearing apparel of the highest quality. Throughout its history, Plaintiff has maintained its reputation for the manufacture of goods of the highest quality, without compromise. Unlike some other so-called luxury goods manufacturers, Plaintiff does not license its trademarks for use on goods made by others, and all of its leather goods are made within Plaintiff's own factories and workrooms.

NYC_1079178.1

10. Continuously since at least as early as 1986, Plaintiff has manufactured and sold, within the United states and in other countries, a handbag which has become known as the Birkin Bag. The Birkin Bag is named after the actress and singer Jane Birkin, and was created out of a chance meeting between Ms. Birkin and Jean-Louis Dumas, then chairman of Hermès. M. Dumas remodeled a capacious tapestry bag to suit Ms. Birkin's needs.

11. The Birkin Bag has a distinctive design that is characterized by, *inter alia*, (a) a distinctive three lobed flap design with keyhole shaped notches to fit around the base of the handle, (b) a dimpled triangular profile, (c) a closure which consists of two thin, horizontal straps with metal plates at their end that fit over a circular turn lock, and (e) a padlock, which sometimes is placed within the turn lock and is sometimes placed at the end of a leather fob. A photograph of a Birkin Bag is attached as Exhibit A.

12. The closure of the Birkin Bag itself has become so recognizable and distinctive that it is the subject of U.S. Trademark Registration No. 1,806,107 which registration is in full force and effect and is incontestable. A copy of the Certificate of Registration for this Birkin closure is attached as Exhibit B.

13. Each Birkin Bag is handcrafted from the finest leather by an experienced artisan or artisans. A single such handbag requires between sixteen and nineteen hours of labor to create. Because of the intensive labor and craftsmanship involved in creating Birkin Bags, they are very expensive. Prices start at about $6,000, and some models are more expensive. Nevertheless, there is a waiting list to obtain such bags. Currently, a customer must wait at least eighteen months to obtain a Birkin Bag from one of Plaintiff's stores in the United States.

NYC_1079178.1

14. During the period 2002 to 2008 inclusive, Plaintiff sold more than thirty thousand Birkin Bags in the United States, representing total revenue in excess of $200 million.

15. Despite the high price and exclusivity of the Birkin Bag, its design has become enormously identifiable and well recognized among the general public, primarily due to the considerable attention given by the fashion press and general media. Indeed, photo spreads incorporating the Birkin Bag are a staple of fashion magazines. Attached as Exhibit C are samples of such publicity from publications with nationwide circulations such as *Allure, Bazaar, Vogue, Vanity Fair, Style* and *People* ranging in date from 1998 through 2009.

16. The Birkin Bag, and the desire to own one, became so well known that it became a key plot element in an episode of the HBO series *Sex and the City*. Attached as Exhibit D is a synopsis of the episode, in which a Birkin Bag is prominently displayed. The Birkin Bag has also been featured in episodes of television shows such as *Gilmore Girls, Will and Grace* and *Gossip Girls*.

17. Further evidence of the widespread fame of the Birkin Bag, and the urgent desire of many women to own it, is a book entitled *Bringing Home the Birkin*. This book describes author Michael Tonello's business venture buying and selling Plaintiff's luxury products, primarily Birkin Bags, at premium prices in order to satisfy customer demands. The cover of the book emulates the distinctive flap of the Birkin bag and the outer jacket includes a rendering of the entire Birkin Bag. See Exhibit E. The Birkin Bag was featured prominently in materials and events in connection with *Bringing Home the Birkin*, including a book review in *The New York Times* and a segment on CBS's *The Early Show*. Copies of materials related to publicity over *Bringing Home the Birkin* are attached as Exhibit F.

5

18. The Birkin Bag does not bear any visible word trademark on its exterior or on any hang tags sold with it. As a result of this, and as a result of the enormous sales, extensive advertising and promotion and ubiquitous publicity and attention in the press and media, the design of the Birkin Bag has acquired secondary meaning and has become a famous trademark (the "Birkin Bag Trademark"), associated exclusively with Plaintiff.

19. Plaintiff's rights in the design of the Birkin Bag have been judicially tested and approved by cases such as *Hermès International et al. v. Lederer de Paris, Inc. and Pelle Via Roma, Inc.*, 98 Civ. 2820 (SAS), in which two separate juries found that the design of the Birkin Bag had acquired distinctiveness and was infringed by a knockoff bag.

**Defendant's Acts**

20. Upon information and belief, Defendant is a recently formed corporation whose principals have no prior experience in the handbag industry.

21. Defendant recently began offering for sale and selling, through its fully interactive website located at www.thufri.com, a cotton canvas tote bag called the Together Bag. The Together Bag contains, on each of its five exterior surfaces (front, back, sides and bottom) a photograph of the corresponding sides of what appears to be a genuine Birkin Bag. Photographs of the Together Bag are attached hereto as Exhibit G.

22. Defendant's website includes the ability to order products directly from the website, and payment for the goods may be made through the website. Upon information and belief, Defendant has sold the Together Bag through this website to persons within the State of New York, including this juridical district.

6

23. Defendant's affixation of the photographs of what is apparently a Birkin Bag to its cotton tote bags, and the advertising and sale thereof, is likely to create confusion, mistake or deception, in that persons will believe that the bag is either sold by Plaintiff or has been licensed, sponsored or endorsed by Plaintiff.

24. By its actions alleged herein, Defendant is seeking to take unfair advantage of the fame and reputation of the Birkin Bag, and by leading people to believe that Plaintiff has engaged in the licensing of the image of its bag in connection with inexpensive goods, is tarnishing Plaintiff's reputation for quality and commercial integrity.

25. Defendant's acts alleged herein were undertaken willfully and with the purpose of confusing the public and unfairly exploiting the wide fame and reputation of Plaintiff and the Birkin Bag.

## COUNT ONE

### (False Designation of Origin – 15 U.S.C. § 1125(a)(1)(A))

26. Hermès repeats and realleges the allegations contained in paragraphs 1-25 of its Complaint as if set forth herein.

27. The Birkin Bag Trademark has acquired a secondary meaning and has become identified by consumers as associated with Hermès exclusively. The design of the Birkin Bag is not functional.

28. Defendant's advertising and sale of tote bags bearing a photographic production of what appears to be a genuine Birkin Bag on its exterior surfaces is likely to cause confusion, mistake, or deception as to the origin, sponsorship, or approval of Defendant's bag. Defendant's

NYC_1079178.1

use of these photographs is likely to cause consumers to believe that Defendant's bags originate, and/or is licensed by or otherwise authorized by Hermès. Defendant's actions therefore constitute common-law trademark infringement and false designation of origin under the Lanham Act, 15 U.S.C. § 1125(a)(1)(A).

29. Upon information and belief, Defendant has undertaken these acts with the express intent to confuse, mislead, or deceive the public as to the origin of Defendant's products.

30. As a direct and proximate result of Defendant's actions, Hermès and the public have been and will continue to be irreparably damaged unless Defendant is enjoined by this Court from advertising and selling its infringing tote bag.

31. Hermès has no adequate remedy at law.

## COUNT TWO

### (Federal Trademark Infringement -- 15 U.S.C. § 1114)

32. Hermès repeats and realleges the allegations contained in paragraphs 1-31 of its Complaint as if set forth herein.

33. By its actions, Defendant has infringed Plaintiff's registered trademark, the Birkin Closure, set forth in U.S. Reg. No. 1,806,107, pursuant to 15 U.S.C. § 1114.

34. By affixing to its tote bags photographs of what appears to be a Birkin Bag, including the Birkin Closure registered trademark, Defendant expressly intends to confuse, mislead or deceive the public as to the origin of Defendant's products.

8

35. As a direct and proximate result of Defendant's actions, Hermès and the public have been and will continue to be irreparably damaged unless Defendant is enjoined by this Court from advertising and selling its infringing tote bag.

36. Hermès has no adequate remedy at law.

### COUNT THREE

**(New York Common Law Trademark Infringement and Unfair Competition)**

37. Hermès repeats and realleges the allegations contained in paragraphs 1 through 36 of its Complaint as if set forth herein.

38. Defendant's actions constitute trademark infringement and unfair competition under the common law of New York.

39. Upon information and belief, Defendant has undertaken these acts with the express intent to confuse, mislead, or deceive the public as to the origin of Defendant's products.

40. As a direct and proximate result of Defendant's actions, Hermès and the public have been and will continue to be irreparably damaged unless Defendant is enjoined by this Court from advertising and selling its infringing tote bag.

41. Hermès has no adequate remedy at law.

### COUNT FOUR

**(Dilution – 15 U.S.C. § 1125(c))**

42. Hermès repeats and realleges the allegations contained in paragraphs 1 through 41 of its Complaint as if set forth herein.

43. Plaintiff's Birkin Bag Trademark is a famous trademark.

44. By affixing a photograph of what appears to be a genuine Plaintiff's Birkin Bag to its inexpensive tote bag, Defendant is likely to create dilution of Plaintiff's famous trademark by tarnishment, by associating Plaintiff's fine goods with Defendant's inexpensive, lower quality products and by creating the false impression that Plaintiff has given in to the temptation to license its famous trademark for mass market goods.

45. As a direct and proximate result of Defendant's actions, Hermès has been and will continue to be irreparably damaged unless Defendant is enjoined by this Court from advertising and selling its infringing tote bag.

46. Hermès has no adequate remedy at law.

## COUNT FIVE

### (Dilution Under New York General Business Law Section 360-I)

47. Hermès repeats and realleges the allegations contained in paragraphs 1 through 46 of its Complaint as if set forth herein.

48. By its acts alleged herein, Defendant is creating a likelihood of injury to the business reputation of Hermès, in violation of the New York Anti-dilution Act, N.Y. Gen. Bus. Law § 360-I.

49. As a direct and proximate result of Defendant's actions, Hermès has been and will continue to be irreparably damaged unless Defendant is enjoined by this Court from advertising and selling its infringing tote bag.

50. Hermès has no adequate remedy at law.

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff demands judgment that:

a. Defendant, its officers, agents, servants, employees, attorneys, and all persons acting in active concert with them, be enjoined during the pendency of this action, and thereafter permanently enjoined and restrained from using any photographs or reproductions of Plaintiff's Birkin Bag, or any substantially identical bag, on or in connection with the advertising, promotion, importation, offering for sale or sale of tote bags or handbags of any kind;

b. Defendant be ordered to deliver up for destruction any and all inventory, packaging, labels, advertising, or sales promotional materials, and all prints, mechanicals, plates, or means used to reproduce the labels and packaging bearing any reproduction of Plaintiff's Birkin Bag and/or any designs confusingly similar to Plaintiff's Birkin Bag;

c. Defendant be required to account for and pay over to Plaintiff all damages sustained by Plaintiff and all profits realized by Defendant by reason of its unlawful acts alleged herein;

d. All damages awarded to Plaintiff under Count I be trebled, pursuant to 15 U.S.C. § 1117;

e. Defendant be required to pay to Plaintiff all of Plaintiff's costs, disbursements, and attorneys' fees in this action, as provided by law, including 15 U.S.C. § 1117;

f.  Defendant be required to file with the Court and serve upon Plaintiff's counsel within thirty (30) days after entry of any injunctive relief herein a written report under oath setting forth in detail the manner and form in which Defendant has complied with the requirements of the aforementioned orders; and

g.  Plaintiff have such other and further relief as the Court may deem just and equitable.

Dated: January 27, 2011
New York, New York

FOLEY & LARDNER LLP

By: _____
Andrew Baum
90 Park Avenue
New York, New York 10016
Tel: (212) 338-3527
Fax: (212) 687-2329

*Attorneys for Plaintiff*

## EXHIBIT LIST

Exhibit A:  Photograph of Plaintiff's Birkin Bag

Exhibit B:  Certificate of Registration for U.S. Reg. No. 1,806,107

Exhibit C:  Magazine photo spreads showing Birkin Bag

Exhibit D:  Synopsis of "Sex and the City" episode involving Birkin Bag

Exhibit E:  Cover of *Bringing Home the Birkin*

Exhibit F:  Publicity on *Bringing Home the Birkin*

Exhibit G:  Photographs of Defendant's "Together Bag"

NYC_1079178.1