UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| HERMÈS INTERNATIONAL and HERMÈS OF PARIS, INC.,<br><br>Plaintiffs,<br><br>-against-<br><br>MASON ROTHSCHILD,<br><br>Defendant. | CIVIL ACTION NO.<br><br>22-CV-00384 (JSR) |

### DECLARATION OF DR. BRUCE R. ISAACSON, DBA, MBA

I, Bruce R. Isaacson, declare as follows:

1.  I am the President of MMR Strategy Group. I was retained by Plaintiffs Hermès International and Hermès of Paris, Inc. ("Hermès") as a survey expert in the above-captioned case. I submit this declaration in support of Hermès's Motion for Permanent Injunction. I have firsthand knowledge of the matters stated herein.

2.  I have reviewed the relevant portions of Defendant Mason Rothschild's Opposition to Hermès's Motion for Permanent Injunction, including the transcript excerpts of the trial testimony of myself and Dr. David Neal, Mr. Rothschild's survey expert.

3.  At trial, I gave the following testimony:

    Q. One last quick question for the moment, Dr. Isaacson. Had you ever heard of defendant Mason Rothschild's proffered expert witness, Dr. David Neal, before this lawsuit?

    A. No.

4.  I am aware the Defendant claims that this testimony was false because, according to Dr. Neal: i) he and I had both been retained by the same party in a prior matter "a couple years ago" and ii) Dr. Neal and I spoke in the hallway of the courthouse during the trial

*after* I finished testifying.

     5.     To this day, I have no recollection of Dr. Neal before I was informed of the report that he issued in this lawsuit. Certainly, I had no recollection of his name and had no recollection of ever speaking with him or meeting him in person.

     6.     I have been shown that Dr. Neal testified at trial as follows:

     Q. Before we get into the details of what you have to say, have you heard of Dr. Isaacson before this case?

     A. I had. We actually worked on the same side of a case a couple of years ago. So I was aware of him from that prior case.

     Q. And on Friday afternoon, did Dr. Isaacson approach you here in the courthouse?

     A. He did, yes. I think just to say hello, since we had never met in person before, despite having worked on that case.

     7.     That testimony supports my recollection that we never met in person, and I am certain that we have never worked together on any survey or any other type of project. I now believe that we were both retained by the same party in one prior case. However, I have no recollection of ever speaking or corresponding with Dr. Neal, and I am certain that I have never worked with him at all. When I first was told his name and saw his report in this lawsuit, I did not have any recollection of him.

     8.     Even if Dr. Neal and I previously were both retained on the same case, we still would not have met unless there was a chance encounter, such as if we were both waiting to testify, as we eventually did in this case. I often work on matters in which a number of other experts may be involved, but their work is completely independent of my own work. My standard practice, unless otherwise instructed by the client, is to ignore the other experts retained by my clients or the work they are performing in the case because my work is entirely

2

independent and I typically offer no opinions on work performed by other experts. I believe that is the best practice to ensure that the engagement supports the highest level of integrity.

9. When I introduced myself to Dr. Neal in the hallway outside the courtroom, I was being courteous. We certainly had no substantive discussions. I introduced myself to him, as I would to any colleague, and he returned the courtesy. As far as I was aware at the time, it was the first time we met or spoke with each other, in person or otherwise. Dr. Neal's own testimony also confirms that we never previously met. As I testified at trial, to the best of my knowledge, I had never heard of Dr. Neal prior to seeing his report in this case.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: March 23, 2023　　　　　　　　By: _____
　　　Encino, California　　　　　　　　　　Dr. Bruce Isaacson