# Exhibit 3

N27VHERT

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

HERMÈS INTERNATIONAL, et al.,

        Plaintiffs,

       v.                              22 Civ. 384 (JSR)

MASON ROTHSCHILD,

        Defendant.           Trial
------------------------------x

                                New York, N.Y.
                                February 7, 2023
                                11:00 a.m.

Before:

                HON. JED S. RAKOFF,

                                District Judge
                                -and a Jury-


                    APPEARANCES

BAKER & HOSTETLER LLP
    Attorneys for Plaintiffs
BY:  DEBORAH A. WILCOX
     OREN J. WARSHAVSKY
     GERALD J. FERGUSON

HARRIS ST. LAURENT & WECHSLER LLP
    Attorneys for Defendant
BY:  ADAM B. OPPENHEIM
     JONATHAN A. HARRIS

LEX LUMINA PLLC
    Attorneys for Defendant
BY:  RHETT O. MILLSAPS, II
     CHRISTOPHER SPRIGMAN

1   Amendment bar that, in your view, Mr. Rothschild could continue

2   with his use of metabirkins.com and the use of the images,

3   etc., is that your --

4             MR. WARSHAVSKY:  I don't think we -- your Honor, I

5   hadn't thought about it until this instruction came out.  I

6   always thought that was the defense position, that was what I

7   understood their argument to be, both before and after trial

8   and in prior pleadings, that this creates a protection.  I

9   would love to move for an injunction.  I certainly don't want

10  to waive that right.  And I understand your question and I

11  understand that it may not be answering exactly -- of course we

12  would --

13            THE COURT:  But let me put to you the same choice I

14  put to your adversary.  Assuming, notwithstanding all the good

15  arguments from both sides, this stubborn judge thinks that

16  there are only two possible answers to Question No. 1, either

17  this is not your concern, diplomatically, or that this will be

18  determined, if at all, at a later time by the judge.

19            MR. WARSHAVSKY:  Of those two options, your Honor, I

20  think the second is the option that we would want.

21            THE COURT:  Okay.  So both sides seem to agree that's

22  preferable.

23            Now, the second question was, if we are unanimous on

24  the first three charges, but can't resolve the First Amendment

25  issue, what happens?  And I do think there's only one possible

answer to that, which is, you need to continue to deliberate and make every effort, if possible, to reach a conclusion on all the issues presented to you.

Yes?  Anyone disagree with that?

MR. WARSHAVSKY:  No disagreement, your Honor.

MR. SPRIGMAN:  Your Honor, I just want to note that what -- again, my concern here is what's at play is that you in your instructions said you should change your mind, if your mind is changed, which seems tautologically correct to me, but you should not change your mind simply to go along -- you should not change your mind simply to walk out of here.  And I'm afraid that, again, we are at a point where they feel they can't resolve the First Amendment issue and --

THE COURT:  See, I'm surprised, given the arguments you've made, none of which have yet persuaded me, but nevertheless --

MR. SPRIGMAN:  I'm trying.

THE COURT:  -- that you would move for a mistrial. What could be more fun than to try this case again?  I would put aside everything else.

MR. SPRIGMAN:  Your Honor, I must say, I'm not done yet, but I was getting there.  I mean, this is my point.  I think where we are right now is Question 1 suggests we have possibly logrolling with consequences at stake, right.  In other words, like what is he going to do -- whether he has a

1  First Amendment right depends on what we think he's going to
2  do, which is odd.  And the second one is, you know, we probably
3  can't resolve this, I read this, because, you know, "think
4  harder" is maybe not going to work.  And so if it doesn't work
5  and we can't resolve this, what's going to happen?  Because if
6  what's going to happen is everything gets thrown out, all our
7  work gets thrown out, then we will agree, even if we don't
8  agree, we will --
9             THE COURT:  So I really, with deep respect, think that
10 you are overanalyzing the secret jury proceedings just based on
11 a few words in a note.  I always talk or my law clerks always
12 talk to the jurors after the end of the case, and I've done
13 that now for over 300 jury trials.  And I find there's always
14 things that they say that I didn't expect.
15            But I also find that, in the end, really without
16 exception, they are very good about following the instructions
17 of the Court.  That's why I'm surprised.  I would have thought
18 you would have -- if you think the jury is under this
19 misimpression, the logrolling issue, you would have preferred
20 the first approach, namely, it's none of your concern.  And I
21 think they would have adhered to that instruction.  But you
22 have taken the other route.
23            MR. SPRIGMAN:  Your Honor, in a sense, I cannot claim
24 your expertise in what juries think, but I do not have this
25 record of talking to juries.  I am concerned just as defense

1  counsel that they are considering consequences like this, and
2  you tell them not to consider consequences, even if they are
3  not aware of it, even if -- because people often are not aware
4  of their own thought processes.  And when they recount their
5  thought processes later, they are telling you something, but it
6  doesn't necessarily capture their thinking.
7            I do social science in my other job, and that's a
8  constant problem in social science.
9            THE COURT:  Analyzing the subconscious thoughts of the
10 jury is something that I have not undertaken to do and I
11 will -- since Professor Freud is dead, we may have to forego
12 that opportunity in any event.
13           But, in any event, both sides agree I should give the
14 second alternative, so let me draft something and then see how
15 it looks to you.
16           Okay.  So here is my proposed note to the jury:
17           Thank you for your most recent note.  With respect to
18 Question No. 1, any determination of whether Mr. Rothschild can
19 continue selling the NFTs and keep ownership of www
20 metabirkins.com, if you find he is liable for Hermès' three
21 claims, but that such liability is barred by the First
22 Amendment, protection is something that will be determined, if
23 at all, by the Court at a later date.
24           With respect to Question No. 2, if you are unanimous
25 on the three claims but cannot resolve the First Amendment