# Exhibit 4

PageVault

| | |
|---|---|
| Document title: | (24) Post \| LinkedIn |
| Capture URL: | https://www.linkedin.com/posts/cassidy-mandelbaum_metabirkin-is-a-really-interesting-case-activity-7029962054279073792-0P3w/?utm_source=share&utm_medium=member_desktop |
| Page loaded at (UTC): | Thu, 23 Feb 2023 23:08:13 GMT |
| Capture timestamp (UTC): | Thu, 23 Feb 2023 23:11:33 GMT |
| Capture tool: | 10.20.9 |
| Collection server IP: | 54.157.181.49 |
| Browser engine: | Mozilla/5.0 (Windows NT 10.0; Win64; x64) AppleWebKit/537.36 (KHTML, like Gecko) Chrome/108.0.5359.215 Safari/537.36 |
| Operating system: | Windows_NT (Node 16.17.1) |
| PDF length: | 3 |
| Capture ID: | cL2fDaGyabMWNqfpKGyfuk |
| User: | baker-nsamad |

PDF REFERENCE #:        dWJme5KqNP4zD8CSsPcKiR





**Cassidy Mandelbaum** • 3rd+  + Follow
J.D. candidate at Washington University School of Law
1w • Edited

**Cassidy Mandelbaum**
J.D. candidate at Washington University School of Law

+ Follow

View full profile

MetaBirkin is a really interesting case, but maybe not for the reason you thought. (TLDR at the Bottom)

Yes, it is an instance of enforcement against digital infringers under Trademark Law, a huge win for Hermès and for fashion generally. But, this isn't a true "meta" case. No one was selling digital Birkin bags, instead it's a case about NFTs and cybersquatting – an almost anticlimactic question as compared with digital counterfeiting (but I digress). This is a landmark case, though, for NFTs. It begins to set real boundaries on what constitutes free speech for a commodified infringement online.

The use of the Birkin image as in this case, along with its name created a really strong case of potential confusion for buyers. It is conceivable that you might be looking for "official" Hermès NFTs and be bamboozled by the name and image. Luxury goods as an investment have been trending for a few years now, just as NFTs began their decline in popularity, so the idea of buying this kind of NFT with the expectation that you were buying an authentic Birkin (as authentic as digital can be) is understandable and foreseeable. The trademark case, then, is pretty strong when we take into account the "confusing" elements of Trademark analysis.

The really interesting takeaway is what it means for artists and the first amendment. Like many art Trademark suits, MetaBirkin raises a first amendment defense – allowing artistic commentary by reference to be a protected expression despite potential infringement. Whether the art is commentary or infringement is in the eye of the beholder. The artist's alleged commentary was apparently not clear enough for the court to uphold that protection here.

There seems to be an emerging trend of NFT and Meta litigation around trademark infringement. I will be interested to see how less obvious infringement cases turn out. Do Trademark owners have automatic first right of refusal on Meta expressions of their Trademarks? Meta seems to go beyond simple images, so would we then be seeing cases more along the line of design or software infringement? The right to NFTs or Meta products as an extension of intellectual property rights is an interesting space to watch as well.

One last thought:

Anyone who's been to a gallery has seen American flags or dollar bills juxtaposed against Mickey Mouse and Superman. How is it that these features remain protected but furry Birkin NFTs are clear infringements? Is the line simply a little tighter online or with NFTs? Perhaps we are all just so aware that the art is not being produced by the Trademark owners that there is no concern of confusion in those cases as there was here?

TLDR; The MetaBirkin case has some really interesting takeaways:
1)   Trademarks extend beyond the tangible.
2)   This is a case about NFTs and Cyber Squatting more than digital counterfeiting
3)   First Amendment rights are not a defense to infringement in this case.

6                                                      3 comments

Reactions



Like        Comment       Repost        Send

Add a comment...

Most recent

**Jane Kramer** (She/Her) • 3rd+                1w
Creative Solutions Director - UBS Wealth Management USA

I was on the jury. I can tell you the evidence showed bad faith intent to mislead or confuse and that is why it wasn't protected. There was no decision on art/not art or the ability to freely express using

Promoted

Betty Blocks Legal tech
Rapid, governable & scalable app development for automation and innovation

Earn a 100% Online Degree
Programs that fit your busy life from an accredited adult-focused school.

Criminal Justice Programs
Earn a Master's, Grad Certificate, or Bachelor's at Boston University.

About          Accessibility     Help Center
Privacy & Terms ▼              Ad Choices
Advertising    Business Services ▼
Get the LinkedIn app           More

LinkedIn Corporation © 2023

Search Home My Network Jobs Messaging Notifications Me Tools Try Premium for free

counterfeiting
3) First Amendment rights are not a defense to infringement in this case.

6 3 comments

Reactions

Like Comment Repost Send

Add a comment...

Most recent

**Jane Kramer** (She/Her) • 3rd+ 1w
Creative Solutions Director - UBS Wealth Management USA

I was on the jury. I can tell you the evidence showed bad faith intent to mislead or confuse and that is why it wasn't protected. There was no decision on art/not art or the ability to freely express using branded imagery etc. This was TMs and IP infringement to leverage for profiT - using bad faith intent to mislead or confuse as well as betraying the goodwill of the brand and consumer - using Rogers v Grimaldi as the test. If you look at a previous piece by Mr. Rothschild titled Baby Birkin you will see an example of work he did that is, indeed, covered by 1st amendment protections. He has done other works that fall under that protection as well. This one did not - at least from the evidence we examined and the witness testimonies we heard. The only thing about the NFTs are that they were the deed to works created by infringement of a brand on multiple levels. This case was absolutely fascinating to experience and I can't wait to see if it goes up the chain to SCOTUS.

Like · 1 | Reply · 2 Replies

**Cassidy Mandelbaum** (She/Her) Author 1w
J.D. candidate at Washington University School of Law

Wow, thank you so much for sharing. I really appreciate the first hand knowledge. I'm excited to see where this goes as well!

Like · 1 | Reply

**Jane Kramer** (She/Her) • 3rd+ 1w
Creative Solutions Director - UBS Wealth Management USA

Cassidy Mandelbaum I've been disappointed the press seems to be reporting this verdict incorrectly. Saying we determined NFTs are not art. Or that we defined art or what an artist is. That is so far from what we did. Even Mason Rothschild is misrepresenting the verdict saying we judged him for not attending art school or didn't like his art so who are we - just 9 idiots off the street who don't know sh*t. Good luck on appeal. We never decided he wasn't an artist nor if MetaBirkins were art! It was the means in which they were created/delivered that was at issue.

I can't tell you how seriously we took the 1st amend. in deliberations and what a big deal we knew it was to analyze the evidence against it thoroughly. I, personally, feel that our decision actually protects the 1st amend. from being soiled - since it is truly the bedrock of democracy. And it protects artists who freely express their works in a way that is in good faith - even if going after huge multinational corporations like Hermès - who never hassled Mason for Baby Birkin btw. Artists should be happy about this if you ask me. This guy was trying to hide under the first amendment cloak for an unfortunate error in judgement. My two cents.

Like · 1 | Reply

**Cassidy Mandelbaum**
J.D. candidate at Washington University School of Law
+ Follow
View full profile

Promoted

Betty Blocks Legal tech
Rapid, governable & scalable app development for automation and innovation

Earn a 100% Online Degree
Programs that fit your busy life from an accredited adult-focused school.

Criminal Justice Programs
Earn a Master's, Grad Certificate, or Bachelor's at Boston University.

About Accessibility Help Center
Privacy & Terms Ad Choices
Advertising Business Services
Get the LinkedIn app More

LinkedIn Corporation © 2023

