# Lex Lumina PLLC

Rhett O. Millsaps II  |  rhett@lex-lumina.com  |  646.535.1137

May 12, 2023

<u>VIA ECF</u>

The Honorable Jed S. Rakoff

    Re: *Hermès International et al. v. Rothschild*, 22-cv-00384-JSR;
       <u>Opinion in *Yuga Labs, Inc. v. Ripps, et al*.</u>

Dear Judge Rakoff,

  We represent Mr. Rothschild and write in response to Hermès' citation of *Yuga Labs, Inc. v. Ripps, et al.*, Case No. CV 22-4355-JFW(JEMx), 2023 WL 3316748 (C.D. Cal. April 21, 2023). Simply put, the case is inapposite to Mr. Rothschild's arguments under *Rogers*, and Judge Walter misapplied *Dastar Corp. v. Twentieth Century Fox Film Corp.*, 539 U.S. 23 (2003). The *Dastar* Court's holding was unambiguous: only confusion about the origin of *tangible goods* is actionable under the Lanham Act. 539 U.S. at 37. While the concept of origin "might be stretched to include not only the actual producer" but the party who stood behind production of the physical product, "origin of goods" is "incapable of connoting the person or entity that originated the ideas or communications that 'goods' embody or contain." *Id.* at 31–32.

  The McCollum article quoted by Judge Walter in *Ripps* argues that virtual goods were once fungible, but can now be traced, making them "capable of deriving value from the association with their underlying brands," and that intangibility doesn't preclude NFTs from being "individually transferrable between owners, storable for indefinite periods of time, exclusively owned by a single owner, and distinguishable based on their source." 2023 WL 3316748 at *5. But that argument is not responsive to *Dastar*. The Supreme Court was not unaware that trademarks are sometimes used in relation to intangibles, including "communicative products." Nor was it unaware that attribution is sometimes valuable. *See* 539 U.S. at 33 (discussing and rejecting arguments that "the reality of purchaser concern is different for what might be called a communicative product—one that is valued not primarily for its physical qualities … but for the intellectual content that it conveys"). Contrary to McCollom, NFTs cannot be distinguished on the basis that they "are sometimes valued specifically for their connection to a particular brand, creator, or associated creative work." The entire dispute in *Dastar* was about attribution of creative content, as were the disputes in many pre-*Dastar* cases that the Supreme Court rejected. The distinction the Court made was between tangible goods and intangible content.

  The bottom line is that use of a mark in relation to an NFT linked to a digital artwork is not use in relation to a *tangible good*. That is not changed because the NFT is tradeable. Yuga Labs' use of the "Bored Ape" mark identifies the creators of the Bored Ape images; the NFTs convey unique ownership of the image. Nothing about the use of that mark conveys information about the NFT as a tangible thing, only its relation to an intangible artwork.

  Mr. Rothschild asks that this Court apply *Dastar* faithfully and dismiss Hermes' Lanham Act claims.

Hon. Jed S. Rakoff
Page 2 of 2
May 12, 2023

                                          Sincerely,

                                          /s/ *Rhett O. Millsaps II*

cc:  All Counsel of Record (via ECF)