# BakerHostetler

Baker&Hostetler LLP

45 Rockefeller Plaza
New York, NY 10111

T 212.589.4200
F 212.589.4201
www.bakerlaw.com

Gerald J. Ferguson
direct dial: 212.589.4238
gferguson@bakerlaw.com

May 13, 2023

**VIA ECF**

The Honorable Jed S. Rakoff

Re:   *Hermès International et al. v. Rothschild*, 22-cv-00384-JSR; Opinion in *Yuga Labs, Inc. v. Ripps, et al.*

Dear Judge Rakoff,

We are counsel to Plaintiffs Hermès International and Hermès of Paris, Inc. ("Hermès") and respond to Defendant Mason Rothschild's letter criticizing the recent decision and order in *Yuga Labs, Inc. v. Ripps, et al.*, Case No. CV 22-4355-JFW(JEMx), 2023 WL 3316748 (C.D. Cal. April 21, 2023). In this letter, Rothschild does not discuss the findings in *Yuga Labs*. Rather, Rothschild simply repeats previously rejected arguments claiming that the Lanham Act does not apply to "intangible assets" such as NFTs, due to the Supreme Court decision in *Dastar Corp. v. Twentieth Century Fox Film Corp.,* 539 U.S. 37 (2003).

In *Yuga Labs*, the court found that plaintiff Yuga Labs, Inc. "is the creator of one of the world's most well known and successful Non-Fungible Token ('NFT') collections, known as the Bored Ape Yacht Club ('BAYC')" and "Yuga's BAYC NFT collection is consistently one of the top-selling and highest-valued NFT collections." *Yuga Labs, Inc.*, 2023 WL 3316748, at *1, *7. In developing an NFT collection called the "Ryder Ripps Bored Ape Yacht Club NFTs," defendants Ryder Ripps and Jeremy Cahen (the "Ripps Defendants"): (i) associated their NFTs with the same digital images as are associated with the BAYC NFTs; and (ii) adopted the BORED APE YACHT CLUB trademark with a bad faith intent to profit—not for artistically relevant reasons. *Id.* at *11–12.

Under Rothschild's interpretation of *Dastar,* the Ripps Defendants' blatant appropriation of the BORED APE YACHT CLUB trademark would be immune from any Lanham Act claim. In rejecting the interpretation of *Dastar* advocated by the Ripps Defendants (which is the same interpretation advocated by Rothschild), the district court adopted this Court's finding that "neither *Dastar* nor its progeny require that a defendant's goods be tangible for Lanham Act liability to attach." *Yuga Labs*, 2023 WL 3316748, at *4 (extensively quoting *Hermès International v. Rothschild*, 590 F.Supp. 3d 647, 655 (S.D.N.Y. 2022)).

By simply repeating previously submitted arguments setting forth Rothschild's interpretation of *Dastar,* Rothschild gives this Court no reason to reverse its prior rulings.

Hon. Jed S. Rakoff
Page 2
May 13, 2023

Sincerely,


*/s/ Gerald J. Ferguson*

Gerald J. Ferguson
Partner

Cc: All Counsel of Record (via ECF)

4882-2210-3396.2