UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

HERMÈS INTERNATIONAL and
HERMÈS OF PARIS, INC.,

      Plaintiffs,

  -against-

MASON ROTHSCHILD,

      Defendant.

---

22-cv-384 (JSR)

ORDER

JED S. RAKOFF, U.S.D.J.:

After a nine-day trial, a jury returned a unanimous verdict against the defendant, "Mason Rothschild" (real name: Sonny Estival), finding him liable for trademark infringement, trademark dilution, and cybersquatting, and awarding the plaintiffs -- Hermès International and Hermès of Paris, Inc. (collectively, "Hermès") -- $133,000 in damages. Rothschild has appealed the adverse judgment, and briefing is underway before the Second Circuit. On December 12, 2023, Rothschild filed, with leave of Court, a letter motion asking this Court to stay collection of the money judgment against him, and waive the requirement to post a bond, during the pendency of the appeal.[1] ECF No. 198 ("Rothschild Br."). Hermès filed a letter brief in opposition on December 15, 2023, ECF No. 204 ("Hermès Br."), and Rothschild filed a reply on December 20, 2023, ECF No. 208. After full consideration, the Court hereby denies the motion.

---

[1] Rothschild is also subject to a permanent injunction issued by this Court. See ECF No. 190. The instant motion for a stay implicates only the damages award, not the injunction, which remains in force.

1

Rothschild relies on a provision of the Federal Rules of the Civil Procedure that is plainly inapplicable to his application for a stay of the collection of the money judgment against him, viz., Rule 62(d), which states that "[w]hile an appeal is pending from [a] . . . final judgment that grants . . . an injunction, the court may suspend, modify, restore, or grant an injunction on terms for bond or other terms that secure the opposing party's rights." But Rothschild is not seeking any modification of the permanent injunction the Court ordered against him. Instead, he seeks a stay of collection of Hermès's $133,000 damages award. Cf. Agudath Israel of Am. v. Cuomo, 979 F.3d 177, 180 (2d Cir. 2020) (explaining the difference between an injunction and a stay, which are distinct judicial actions).

Assuming, however, that Rothschild meant to bring his motion under Rule 62(b), which provides that "[a]t any time after judgment is entered, a party may obtain a stay by providing a bond or other security," the motion must still be denied. As applied in the context of a pending appeal, "[t]he purpose of [the Rule] is to ensure that the prevailing party will recover in full, if the decision should be affirmed, while protecting the other side against the risk that payment cannot be recouped if the decision should be reversed." In re Nassau Cnty. Strip Search Cases, 783 F.3d 414, 417 (2d Cir. 2015) (quotation marks omitted here and elsewhere). "A district court therefore may, in its discretion, waive the bond requirement if the appellant provides an acceptable alternative means of securing the judgment." Id.; see id. at 417-18 (enumerating five "non-exclusive factors that a district

2

court may consider" "in determining whether to waive the supersedeas bond requirement," including "the degree of confidence that the district court has in the availability of funds to pay the judgment").

Rothschild has not provided "an acceptable alternative means of securing the judgment" that would justify a stay of collection of the damages award. <u>Id.</u> at 417. He proposes placing "in escrow both the *MetaBirkins* smart contract . . . and the *MetaBirkins* NFT artwork owned by Mr. Rothschild as collateral to secure the judgment in lieu of a bond." Rothschild Br. 2. But, in virtually the same breath, Rothschild concedes that he "is unaware of a way to place a monetary value on the *MetaBirkins* smart contract" and that "the NFT art market is virtually non-existent at the moment." <u>Id.</u> Setting aside the irony that the *MetaBirkins* products are the very items that Rothschild used to infringe and dilute Hermès's trademark, there is no conceivable basis for concluding that valueless items are "an acceptable alternative means of securing" a $133,000 judgment. <u>In re Nassau Cnty.</u>, 783 F.3d at 417. Accordingly, the Court denies Rothschild's motion.

SO ORDERED.

New York, NY
December 29, 2023

JED S. RAKOFF, U.S.D.J.

3