# Exhibit 1

**Friday, January 26, 2024 at 15:16:22 Central Standard Time**

| | |
|---|---|
| **Subject:** | Re: Hermes v. Rothschild; museum request |
| **Date:** | Tuesday, January 16, 2024 at 2:28:23 PM Central Standard Time |
| **From:** | Rhett O. Millsaps II |
| **To:** | Warshavsky, Oren J. |
| **CC:** | Ferguson, Gerald, Christopher J. Sprigman |
| **BCC:** | Rhett O. Millsaps II |
| **Attachments:** | image001.png, image002.png, image003.png |

Dear Oren,

Dr. Gopnik has no relationship with Mr. Rothschild apart from the expert work he was engaged in, which is now over. As you know, because Dr. Gopnik noted it in his expert report, he charged a substantially reduced rate for his expert work because of the public interest and broader ramifications of this case. Perhaps it comes as a shock these days, but there are people in the world who do things for principle rather than for money.

Our understanding from Dr. Gopnik and the Spritmuseum is that neither of them have any financial interest in *MetaBirkins*. The museum has no prior relationship with Mr. Rothschild. They simply intend to include the *MetaBirkins* artworks as one part of an exhibit that features many other artists and artworks.

The issue has arisen because the museum has asked for Mr. Rothschild's permission for this, and we do not read the permanent injunction to prohibit Mr. Rothschild from giving it. Mr. Rothschild does not need and is not seeking Hermès' consent for this. We are raising the issue with you now out of an abundance of caution to try to avoid the very kind of needless dispute and expense that you're now threatening. The only question is whether Hermès contends that Mr. Rothschild giving his permission to the museum for this purpose would be a violation of the injunction by Mr. Rothschild.

Since you apparently will not answer this question, we will need to call Judge Rakoff's Chambers tomorrow to raise the issue. We do not believe that briefing should be necessary, just as briefing was not necessary when we called the Court to discuss Hermès' demand that Mr. Rothschild take down the *MetaBirkins* Instagram and Twitter accounts. But we will, of course, be prepared to brief the issue if the Court so directs.

Best,
Rhett


Rhett Millsaps
LEX LUMINA l Managing Member l 646.535.1137

---

**From:** Warshavsky, Oren J. <owarshavsky@bakerlaw.com>
**Date:** Tuesday, January 16, 2024 at 7:00 AM
**To:** Rhett O. Millsaps II <rhett@lex-lumina.com>

**Cc:** Ferguson, Gerald <gferguson@bakerlaw.com>, Christopher J. Sprigman <chris@lex-lumina.com>
**Subject:** RE: Hermes v. Rothschild; museum request

Rhett,

Is this really necessary right now? Three weeks ago, you pressed this as time sensitive. Clearly that was misguided. The museum's website lists its exhibits through the end of 2024 and says nothing about this purported upcoming exhibit. https://spritmuseum.se/en/utstallningar/  If Mr. Rothschild prevails on his appeal, then this is rendered a non-issue, and neither the Court nor the parties require an extra expense.

If this is to go forward, then Hermes does not consent. Despite three weeks, you have not provided all of the information requested.

On a practical level, it is unclear why, if Rothschild is as financially strapped as he has testified, and he has not paid your firm for almost two years, he would be gearing up for another dispute for which there is no financial upside. It suggests that perhaps there is more of a payday or quid pro quo between he and Dr. Gopnik, and perhaps that Dr. Gopnik is a business associate and had a financial stake in the outcome of the trial. We will look into that separately and revert as necessary.

Will Lex Lumina also be representing the museum and/or Dr. Gopnik in connection with this issue?

We will plan for a call to the court Wednesday at 12:00 PM. Please provide your proposed briefing schedule (or at least, by when you can file and how much time you would like for a reply, if it is allowed) by close of business today.

Thanks,

Oren

**Oren Warshavsky**
He | Him | His
Partner

BakerHostetler

45 Rockefeller Plaza
New York, NY 10111-0100
T +1.212.589.4624
M +1.646.761.2992

owarshavsky@bakerlaw.com
bakerlaw.com



**From:** Rhett O. Millsaps II <rhett@lex-lumina.com>
**Sent:** Monday, January 15, 2024 1:24 PM
**To:** Warshavsky, Oren J. <owarshavsky@bakerlaw.com>
**Cc:** Ferguson, Gerald <gferguson@bakerlaw.com>; Christopher J. Sprigman <chris@lex-lumina.com>
**Subject:** Re: Hermes v. Rothschild; museum request

Dear Oren,

I'm circling back on this issue regarding the Spritmuseum's planned exhibition. Here are the details we have:

The Spritmuseum is planning an exhibition focusing on Warhol's work from the 1970s and 80s and Business Art. A large part of the exhibition will focus on Warhol's work, and there will be a section of the exhibition that focuses on artists who came after Warhol and work within the same tradition. The museum intends to include *MetaBirkins* in the latter section, alongside other NFT artworks (and artworks in other media). The museum intends to display *MetaBirkins* on a screen just as the images are available on the Internet. The museum intends to include mention of our lawsuit in the exhibit's description of the *MetaBirkins* artworks.

The museum simply wants Mr. Rothschild's blessing to do this. There is no written agreement involved, and no compensation will be paid to Mr. Rothschild.

We do not believe that Mr. Rothschild giving his permission to the museum for this purpose would violate the permanent injunction. If Hermès disagrees, however—based on the facts as described—then we will need to call Chambers to raise the issue with Judge Rakoff.

Please let us know at your earliest convenience if we need to call Chambers about this. Chris and I are available between 3-5:30pm tomorrow (Tuesday); at 12pm or 1:30pm on Wednesday; or between 1:30-3pm on Thursday this week.

Best,
Rhett


Rhett Millsaps
LEX LUMINA l Managing Member l 646.535.1137


**From:** Warshavsky, Oren J. <owarshavsky@bakerlaw.com>
**Date:** Tuesday, December 26, 2023 at 7:17 PM
**To:** Rhett O. Millsaps II <rhett@lex-lumina.com>
**Cc:** Ferguson, Gerald <gferguson@bakerlaw.com>, Christopher J. Sprigman <chris@lex-lumina.com>
**Subject:** RE: Hermes v. Rothschild; museum request

Dear Rhett,

I can be available to call the court tomorrow (Wednesday) afternoon.

If you're asking for Hermès's position on whether certain conduct violates the permanent injunction, you'll need to provide additional information as the record right now is vague, at best. The portions of the injunction that would seem to be implicated (I'm speculating given the sparse description) are directed at preventing consumer confusion and dilution as well as prohibiting Mr. Rothschild (and those acting in concert with him) from engaging in activities to promote the MetaBirkins NFTs and/or transferring MetaBirkins NFTs.

The likelihood of confusion and dilution tests are heuristic and rely on a number of factors that take into account the surrounding circumstances. As you and Chris correctly pointed out during depositions and at trial, there are a number of artistic endeavors utilizing the Birkin name and/or likeness and/or design mark, which were not likely to cause consumer confusion or dilute—even if Hermès did not like the particular endeavor. That fact-intensive analysis informs, for example, why the Baby Birkin NFT caused neither confusion nor dilution.

One could easily imagine how a sparse description of the Baby Birkin NFT could seem to violate the injunction while also imagining how a sparse description of the exploitation of a MetaBirkin could seem to comply with the injunction. And that is the problem here: you're asking for Hermès to take a position without providing any of the surrounding circumstances, let alone all of them. Will the MetaBirkins NFT be used? Will it be transferred to the museum or any other 3rd party? Will the term "MetaBirkin" be used (and if not, will a term similar to "MetaBirkin be used)? How will the item on display be described? What be the other accompanying text? What was Gopnik's role—is this just a vehicle for him to continue to promote the sale of MetaBirkins NFTs? Who initiated this relationship if not Gopnik? When and how did the museum get in touch with Mr. Rothschild? If in writing, please provide the copy of the communication. What will the display look like? What else will be

included in the exhibit? How will the exhibit be publicized? How will Mark Design be credited?

There may be other questions as well.

Finally, what is the urgency of bringing this matter to the Court's attention this week? You brought this to our attention after business on Friday before a holiday weekend and demand a call when you should expect that most people are taking off. And as stated, Hermès is closed this week.

Your response below is hardly a model of clarity as to what documentation exists. It does not seem plausible that the museum did not send any materials or ask for authorization in writing. I have done work in connection with a number of artists, galleries, museums, auction houses, etc., and I'm not aware of an instance without significant written representations, warranties, restrictions on rights, etc. For example, the museum needs Rothschild's authorization to display something he claims to have created. Usually, that authorization comes with warranties and representations that Rothschild is sole the author/creator of the work, that the work does not infringe the rights of any third parties, etc. I thought that such a contract would be an easy place to start.

If you want to provide the name of your contact at the museum, we're happy to write them with requests, and you can respond and do the same, if you think it is necessary.

Absent some further information, Hermès cannot take a position and reserves all rights.

Best wishes,

Oren

**Oren Warshavsky**
He | Him | His
Partner



**BakerHostetler**
45 Rockefeller Plaza
New York, NY 10111-0100
T +1.212.589.4624
M +1.646.761.2992

owarshavsky@bakerlaw.com
bakerlaw.com

**From:** Rhett O. Millsaps II <rhett@lex-lumina.com>
**Sent:** Tuesday, December 26, 2023 12:01 PM
**To:** Warshavsky, Oren J. <owarshavsky@bakerlaw.com>
**Cc:** Ferguson, Gerald <gferguson@bakerlaw.com>; Christopher J. Sprigman <chris@lex-lumina.com>
**Subject:** Re: Hermes v. Rothschild; museum request

Dear Oren,

I hope you've had happy holidays.

There are no contracts or documents to provide. The Spritmuseum apparently is planning an upcoming exhibition on Warhol and Business Art and intends to include *MetaBirkins* artworks as part of the exhibition alongside other artworks. They have simply asked Mr. Rothschild for his permission for the public display of some of the *MetaBirkins* images in the exhibition. They have not provided any documents. They are not offering any compensation to Mr. Rothschild.

We do not see how Mr. Rothschild giving permission to the museum for this purpose could be read to violate the injunction, but we are reaching out to you out of an abundance of caution. If, based on this information, Hermès believes that Mr. Rothschild would somehow be violating the injunction by giving such permission to the museum, we need to call the Court this week to raise the issue. Please advise.

Best,
Rhett


Rhett Millsaps
**LEX LUMINA** l Managing Member l 646.535.1137


**From:** Warshavsky, Oren J. <owarshavsky@bakerlaw.com>
**Date:** Monday, December 25, 2023 at 1:44 PM
**To:** Rhett O. Millsaps II <rhett@lex-lumina.com>
**Cc:** Ferguson, Gerald <gferguson@bakerlaw.com>, Christopher J. Sprigman <chris@lex-lumina.com>

**Subject:** Re: Hermes v. Rothschild; museum request

Rhett,

Happy Holidays to you all.

The below does not provide information sufficient for us to take a position.

Can you please provide us with any contracts, communications, and/or materials that detail the plans, people and/or entities that are or have been involved, and any other pertinent information about the planned exhibit.

Once we have the information, we will discuss with the client and advise of whether we agree with your analysis.

However, we will not be in a position to give you a response until after the holidays.

Best wishes,

Oren

**Oren Warshavsky**
BakerHostetler
+1 (212) 589-4624


On Dec 22, 2023, at 7:52 PM, Rhett O. Millsaps II <rhett@lex-lumina.com> wrote:

[External Email: Use caution when clicking on links or opening attachments.]

Dear Oren,

The Spritmuseum in Stockholm has notified Mr. Rothschild that it intends to include *MetaBirkins* artworks in an upcoming exhibition, and they have asked Mr. Rothschild for his permission for the public display of some of the *MetaBirkins* images.

We do not read anything in the injunction that would prohibit Mr. Rothschild from giving his permission for this. Please let us know as soon as possible if you agree or disagree with our position. If your view is that the injunction somehow prohibits Mr. Rothschild from giving the museum such permission, please let us know which provision(s) you believe prohibit it. We'll then need to call Judge Rakoff's chambers to ask for guidance. Chris and I are available on the afternoon of the 26th or 27th for such a call if necessary.

Happy holiday weekend.

Thanks,
Rhett


Rhett O. Millsaps II
Managing Member
LEX LUMINA PLLC
745 Fifth Avenue
Suite 500
New York, NY  10151
rhett@lex-lumina.com

646 535 1137 (direct dial)
646 906 8657 (facsimile)

==
This message and any attached documents contain information from a law office that is confidential and may be privileged, attorney work product, or otherwise exempt from disclosure under applicable law. If you are not the intended recipient, you may not read, copy, distribute, or use this information. If you have received this message in error, please delete it and notify the sender immediately by separate e-mail. Thank you. May all beings everywhere be happy and free.

---

This email is intended only for the use of the party to which it is
addressed and may contain information that is privileged,
confidential, or protected by law. If you are not the intended
recipient you are hereby notified that any dissemination, copying
or distribution of this email or its contents is strictly prohibited.
If you have received this message in error, please notify us immediately
by replying to the message and deleting it from your computer.

Any tax advice in this email is for information purposes only. The content
of this email is limited to the matters specifically addressed herein
and may not contain a full description of all relevant facts or a
complete analysis of all relevant issues or authorities.

Internet communications are not assured to be secure or clear of
inaccuracies as information could be intercepted, corrupted, lost,
destroyed, arrive late or incomplete, or contain viruses. Therefore,
we do not accept responsibility for any errors or omissions that are
present in this email, or any attachment, that have arisen as a result
of e-mail transmission.