# Lex Lumina PLLC

Rhett O. Millsaps II  |  rhett@lex-lumina.com  |  646.535.1137

February 7, 2024

<u>VIA ECF</u>

The Honorable Jed S. Rakoff
Room 1340
United States Courthouse
500 Pearl Street
New York, NY  10007

Re:     *Hermès International et al. v. Rothschild*, 22-cv-00384-JSR;
        <u>Rothschild's Reply re: Request for Clarification of Injunction's Scope</u>

Dear Judge Rakoff:

Mr. Rothschild respectfully submits this letter reply and accompanying Reply Declaration of Mason Rothschild ("Rothschild Reply Decl.") and Declaration of Christopher J. Sprigman ("Sprigman Decl.") in reply to Hermès' February 2, 2024, opposition letter ("Opposition" or "Opp.") and in further support of Mr. Rothschild's request for clarification regarding whether the Order of Permanent Injunction (the "Order") would prohibit Mr. Rothschild from providing permission to the Spritmuseum in Sweden to display *MetaBirkins* artworks in its upcoming exhibition.

Hermès' Opposition, based on groundless conspiracy theories and irrelevancies and seeking discovery to harass a museum and an acclaimed art historian acting independently of Mr. Rothschild, illustrates the need for the Court for clarify the Order's scope to avoid wasteful collateral litigation, and "to facilitate compliance with the [O]rder and to prevent 'unwitting contempt.'" *Paramount Pictures Corp. v. Carol Pub. Grp., Inc*., 25 F. Supp. 2d 372, 374 (S.D.N.Y. 1998) (quoting *Regal Knitwear Co. v. Nat'l Labor Relations Bd*., 324 U.S. 9, 15 (1945).

The issue on which Mr. Rothschild seeks clarification is narrow and concrete: whether the act by Mr. Rothschild of giving his permission to a Swedish museum simply to display some of the *MetaBirkins* artworks alongside artworks by other artists in an exhibition focusing on Andy Warhol and Business Art—where the exhibit would make clear that the *MetaBirkins* are not affiliated with Hermès, and Mr. Rothschild would receive no compensation—would constitute a violation of the terms of the Order by Mr. Rothschild. Discovery should not be necessary for either Hermès or the Court to answer this straightforward question.

The other questions posed by Hermès are simply irrelevant. *See* Opp. at 3-5. The Spritmuseum has asked only for Mr. Rothschild's permission to display some of the *MetaBirkins* artworks along with text explaining that Hermès is not affiliated with

*MetaBirkins* (and in fact sued Mr. Rothschild over *MetaBirkins*), as described above and in Mr. Rothschild's letter brief dated January 26, 2024. The museum has not asked for permission to use *MetaBirkins* images in any promotional materials or in merchandise, and Mr. Rothschild would not give such permission to the museum. *See* Rothschild Reply Decl. ¶ 4. And questions regarding copyright ownership in the *MetaBirkins* images (*see* Opp. at 4) are irrelevant to the question before the Court, which is simply <u>whether Mr. Rothschild giving the requested permission to the museum would constitute a violation of the Order by Mr. Rothschild</u>.

Hermès' baseless assertions about Dr. Blake Gopnik likewise are irrelevant to this question. Mr. Rothschild has no relationship with Dr. Gopnik apart from engaging (through counsel) Dr. Gopnik as an expert in this case, which engagement concluded more than a year ago. *See* Declaration of Mason Rothschild dated January 25, 2024 (ECF No. 214), ¶ 8. Mr. Rothschild has had no communication directly or indirectly with Dr. Gopnik regarding the museum's planned exhibition. *Id*.; Rothschild Reply Decl. ¶ 3. And the only communication that Mr. Rothschild's counsel has had with Dr. Gopnik about the exhibition was a single instance in which Dr. Gopnik reached out to Mr. Sprigman in December 2023 to put him in touch with representatives of the museum so that they could make their request for Mr. Rothschild's permission. Sprigman Decl. ¶ 3. Neither Mr. Sprigman nor anyone else at Lex Lumina has ever urged Dr. Gopnik to include *MetaBirkins* in the exhibition or given him any input on that decision. *Id*.

Dr. Gopnik is a world-renowned art critic and historian who made his interest in *MetaBirkins* known through his involvement in this case; it is unsurprising that he would want to include *MetaBirkins* in a relevant exhibition that he's curating, without any encouragement from Mr. Rothschild or anyone else. As Hermès itself points out, Dr. Gopnik disclosed in his expert report that he was curating the Spritmuseum exhibition at issue and was considering including *MetaBirkins* in it, and Hermès extensively questioned him about the museum and planned exhibition at his deposition. *See* Opp. at 2; Rogo Decl. (ECF No. 217), Exs. 1 at 35-39, 2 ¶ 5, & 3; Sprigman Decl., Ex. 1 at 50-66. Dr. Gopnik further explained at his deposition that the Spritmuseum is not solely a museum dedicated to the history of alcohol, but that it also puts on exhibitions of contemporary art. *See* Sprigman Decl., Ex. 1 at 50-59; https://spritmuseum.se/en/utstallningar/arkiv/ (listing past art exhibitions at the museum, such as "Pierre et Gilles – Troubled Waters," an exhibition of the artwork of French artistic duo Pierre et Gilles, and "The Party is Over," an exhibition of artwork focusing on New York in the 1980s and 90s and "themes such as HIV and AIDS, street art, activism and relationships viewed through the lens of sexuality"); https://spritmuseum.se/en/collections/absolut-art-collection/ (the Spritmuseum houses the corporate art collection of Absolut, the famous Swedish distillery, "which contains more than 850 works of art from about 550 artists, created during the period 1985-2004") (last visited February 6, 2024). While Mr. Rothschild and his counsel likewise were aware from Dr. Gopnik's expert report and deposition that he was curating this exhibition and considering *MetaBirkins* for inclusion, they did not learn that Dr. Gopnik had decided to include *MetaBirkins* until he reached out two months ago to connect Spritmuseum representatives with Mr. Sprigman. Sprigman Decl. ¶ 3.

Mr. Rothschild wishes to give the Spritmuseum the narrow permission it seeks, as

Hon. Jed S. Rakoff
Page 3 of 3
February 7, 2024

described herein, and does not believe that doing so would violate the Order. Given Hermès' threats of further litigation over this issue, however, Mr. Rothschild seeks confirmation from the Court that he would not be in violation of the Order by giving such permission. The Court should answer this straightforward question to put this matter to rest and avoid wasteful and harassing collateral litigation efforts threatened by Hermès.

Sincerely,

/s/ *Rhett O. Millsaps II*

cc:  All Counsel of Record (via ECF)