UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

HERMÈS INTERNATIONAL and
HERMÈS OF PARIS, INC.,

    Plaintiffs,

-against-

"MASON ROTHSCHILD" a/k/a
SONNY ESTIVAL,

    Defendant.

---

22-cv-384 (JSR)

ORDER

JED S. RAKOFF, U.S.D.J.:

On March 13, 2024, after full briefing and an evidentiary hearing, the Court denied defendant Sonny Estival's motion seeking "clarification" that the Court's permanent injunction in this case would allow him to provide permission to a Swedish museum to display his trademark-infringing non-fungible tokens ("NFTs") as part of an exhibit at that museum.[1] See ECF No. 230. The Court based its denial on the absence of assurances that such use would not lead to further confusion as to whether Estival's NFTs were sponsored or approved by plaintiffs. On March 27, 2024, Estival moved for reconsideration of the Court's denial order. See ECF No. 233. Plaintiffs Hermès International and Hermès of Paris, Inc. (collectively, "Hermès") filed an opposition on April 10, 2024, ECF No. 235, and Estival filed a reply on April 17, 2024, ECF No. 237.

---

[1] The reader's familiarity with the factual and procedural background and the record in this case is assumed.

1

While Estival's instant request for reconsideration does not technically meet the legal standards for a reconsideration motion, see Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995) ("[R]econsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked."), defense counsel has submitted a new declaration from the relevant official of the Swedish museum stating that she has "considered the matter further since the Court hearing" and hinting that the museum would now be willing to take steps to prevent any possible confusion regarding the source of Estival's NFTs. See ECF No. 234 (declaration of Mia Sundberg).

Under these circumstances, the Court is willing to entertain the motion for reconsideration. Of course, the Court does not have any power over Sundberg or her museum. But Estival has the power to condition the permission to display his "artwork" on the museum's agreeing to certain disclaimers, and the Court has power over Estival to ensure that he does not violate the Court's injunction. The Court would be willing to consider permitting Estival's loan of his NFTs to the museum if both he and the museum were to agree to prominently disclose that a jury unanimously found that Estival had intentionally designed his NFTs to confuse the public into believing that they were in some way sponsored by Hermès, when in fact they were not. Such a disclosure would address the Court's concern with further confusion.

To grant such approval, the Court would need to have both a sworn declaration from Estival setting forth the precise words that he would

2

demand the museum use if it wanted to display his NFTs and a sworn declaration from Sundberg or another authorized representative of the museum stating not only that the museum would prominently display the words proposed by Estival but also describing the manner in which the museum would display them.

If this resolution is of interest, counsel for the parties should jointly call chambers by no later than April 22, 2024 to arrange an appropriate schedule for the submission of the proposed declarations.

The Clerk is respectfully directed to close document 232 on the docket of this case.

SO ORDERED.

New York, NY
April 18, 2024

JED S. RAKOFF, U.S.D.J.