UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| HERMÈS INTERNATIONAL and HERMÈS OF PARIS, INC., <br><br> Plaintiffs, <br><br> -against- <br><br> "MASON ROTHSCHILD" a/k/a SONNY ESTIVAL, <br><br> Defendant. | 22-cv-384 (JSR) <br><br> ORDER |

JED S. RAKOFF, U.S.D.J.:

On March 13, 2024, after full briefing and an evidentiary hearing, the Court denied defendant Sonny Estival's motion seeking "clarification" that the Court's permanent injunction in this case would allow him to provide permission to a Swedish museum, the Spritmuseum, to display his trademark-infringing non-fungible tokens ("NFTs") as part of an exhibit at that museum.[1] See ECF No. 230. The Court based its denial on the absence of assurances that such use would not lead to further confusion as to whether Estival's NFTs were sponsored or approved by plaintiffs. On March 27, 2024, Estival moved for reconsideration of the Court's denial order. See ECF No. 233. In connection with the motion for reconsideration, Estival submitted a new declaration from the relevant official of the Swedish museum, Mia Sundberg, stating that she had "considered the matter further since the Court hearing" and hinting that the museum would now be willing

---

[1] The reader's familiarity with the factual and procedural background and the record in this case is assumed.

1

to take steps to prevent any possible confusion regarding the source of Estival's NFTs. See ECF No. 234.

Because of that change in circumstances, on April 18, 2024, the Court ruled that it would be willing to consider permitting Estival's loan of his NFTs to the museum if both he and the museum were to agree to prominently disclose to museum visitors that a jury unanimously found that Estival had intentionally designed his NFTs to confuse the public into believing that they were in some way sponsored by Hermès, when in fact they were not. See ECF No. 239. Based on sworn declarations from Estival and Sundberg submitted to the Court on April 25, 2024, it appears that they have so agreed. See ECF Nos. 240, 241. In particular, Estival declares on penalty of perjury: "[I]n granting my permission to the Spritmuseum to display *MetaBirkins* in the museum's upcoming exhibition on Andy Warhol and Business Art, I will require the museum to include the following statement in the text accompanying the exhibit: 'A jury in New York unanimously found that Mr. Rothschild [Estival's now-assumed name] had intentionally designed his NFTs to confuse the public into believing that they were in some way sponsored by Hermès, when in fact they were not.' I also will require that the text be displayed as prominently, and in the same manner, as the other exhibit text." ECF No. 240, ¶ 3. Similarly, Sundberg now declares to the Court on penalty of perjury that "[i]f the Spritmuseum decides to use the *MetaBirkins* artworks with Mr. Rothschild's permission, . . . the museum will prominently display the text quoted" in Estival's declaration "on the wall or on a placard next to the *MetaBirkins*

2

images." ECF No. 241, ¶ 3. Plaintiffs have not submitted any objections or responses to those declarations.

In light of the April 25, 2024 declarations from Estival and Sundberg, the Court now concludes that its previous concern -- that allowing Estival to provide permission of uncertain terms to the museum to display his trademark-infringing NFTs would engender further consumer confusion as to the source of the NFTs, in violation of the Court's permanent injunction in this case -- has been abated. Accordingly, Estival may provide his requested permission to the museum in accordance with the April 25, 2024 declaration he submitted to the Court.

SO ORDERED.

New York, NY
April 29, 2024

JED S. RAKOFF, U.S.D.J.